ROBERSON *v.* QUAVE, SHERIFF.

Division B. Mar. 12, 1951.

No. 38002 (51 So. (2d) 62)

Motion denied April 9, 1951, 51 So. (2d) 777.

Suggestion of Error overruled, April 9. 1951.

**Hall, J.**

This is an appeal from a judgment of the county court denying the prayer of a petition for a writ of habeas corpus and directing appellee to deliver appellant to the sheriff of West Feliciana Parish, Louisiana, to answer a charge of armed robbery in that state.

The appellant contends that the trial judge erred in failing to continue the hearing to a later date. The petition for habeas corpus was filed April 25, 1950, and the

matter was then set for hearing on May 15, 1950. It was continued, however, and set by agreement of all parties for hearing on June 29, 1950, on which date witnesses from Louisiana were present and ready to testify, whereupon counsel for appellant made an oral motion for a continuance. The motion was insufficient as a matter of law, but even if it had been sufficient the trial judge did not abuse his discretion in declining to continue the hearing. We have repeatedly held that the granting of a continuance is largely within the discretion of the trial judge and its refusal will not be ground for reversal unless that discretion has been abused and the court is satisfied that injustice has resulted therefrom. Newell v. State, Miss., 48 So. (2d) 332, and numerous authorities therein cited.

Appellant next contends that he was put to trial without the presence of certain witnesses who were in the State of Louisiana and that he was thereby deprived of his constitutional rights. It appears, however, that these witnesses had never been served with process in Mississippi, and there is no showing that they could ever be served and required to attend court in this state. The record further shows affirmatively that the desired witnesses were in jail in Louisiana awaiting trial in that state for participation in the same armed robbery in which appellant was allegedly involved. Hodgkin v. State, 172 Miss. 297, 160 So. 562. Moreover, the motion for a continuance made no mention of these witnesses nor what they would testify, if present, and in our opinion appellant's contention in this respect is without merit.

It is also contended that the judgment of the trial court is contrary to the overwhelming weight of the evidence. For appellant several relatives and friends testified that he was in Mississippi at the time of the commission of the crime for which he is charged. For appellee there was testimony that appellant left Gulfport in company with an accomplice at about 2 p. m. on the day of the crime, drove to New Orleans where they were joined by

others, and that all of them then drove to a point near St. Francisville, Louisiana, where the crime was committed with appellant actually present and participating therein. This conflict in the evidence was for the determination of the trial judge who had the advantage of observing the several witnesses and their demeanor and who was in a much better position than we are to reach a correct solution of the conflict. We are unable to say from the record before us that his decision was against the overwhelming weight of the evidence.

It is contended, finally, that the trial judge erred in relying upon the warrant of extradition issued by the Governor of Mississippi. While it has been held that an extradition warrant is prima facie evidence that the Governor was in possession of facts serving as a basis for his action, Loper v. Dees, Sheriff, Miss., 49 So. (2d) 718, the record in this case shows that the trial judge did not rely upon it but sat and heard all the evidence offered by both appellant and appellee, consisting of approximately one hundred typewritten pages, and reached his decision from that evidence and not from the prima facie case made out by introduction of the extradition warrant in evidence.

The judgment is accordingly affirmed.

Affirmed.

**T. J.** and **R. P. White, Jr.**, and **Barnett, Jones & Montgomery,** for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

The opinion on the Motion was as follows:

**Roberds, P. J.**

Roberson had been duly charged in the State of Louisiana with the armed robbery of D. M. Hamilton on March 16, 1950, in West Feliciana Parish, said State. The sheriff of Harrison County, Mississippi, had arrested Roberson

and had him in custody as a fugitive from justice on that charge. Roberson instituted in the Harrison County Court a proceeding for habeas corpus, contending that he was not a fugitive from justice. Specifically, he said he took no part in the crime and was not in the State of Louisiana when it was committed. After the institution of that proceeding, and before the hearing thereon, the Governor of Mississippi duly executed extradition papers for Roberson to be transported to Louisiana, subject to whatever judgment might be rendered in the habeas corpus proceeding. The county court heard testimony on the stated issue. One witness for the State was Jim Heard. He testified, in substance, among other things, that he and Roberson, with others, were physically present and took part in the robbery of Hamilton, in said Parish. He detailed the movements of himself and Roberson in going to and at the scene of the robbery, and after the robbery had taken place. He testified he had been offered no reward, inducement or immunity to testify in the case, and that his testimony was true. The county court denied the petition for habeas corpus and Roberson appealed to this court. The case was affirmed on March 12. 51 So. (2d) 62. Roberson filed a suggestion of error March 24, 1951, which is yet pending.

Roberson has filed the motion now under consideration, which asks the court to direct and authorize the Harrison County Court to entertain a petition for writ of error coram nobis for the purpose of re-taking evidence upon the fact as to whether Roberson is a fugitive from justice, and to again adjudicate that question, and report such adjudication to this court, and that this court suspend decision upon the suggestion of error until that is done. To this motion is attached an affidavit of Heard that the part of his testimony given upon the former hearing connecting Roberson with the robbery was false; that, in fact, Roberson was not present when the crime was committed and he took no part therein, and that the prosecuting authorities of Louisiana promised him immunity

from prosecution for the robbery, as well as other crimes with which he was charged in Louisiana, if he would come to Mississippi and testify for the State at the habeas corpus hearing.

The motion under consideration must be denied for two main reasons:

The first is that this Court is committed to the rule that ██ ██ "The writ of error coram nobis will not lie when the ground thereof is that State's witnesses have confessed, or stated or sworn, since the trial that their testimony given on the trial was false, . . . except in cases where perjured testimony, or other false means, has been knowingly used by the prosecuting officers to secure a conviction". Dolan v. State, 195 Miss. 154, 13 So. (2d) 925, 926.

Neither the motion of Roberson nor the affidavit of Heard specifically states that the prosecuting authorities of Louisiana knew that the testimony which Heard was to give in the habeas corpus hearing would be false or constitute perjury. It may be possible to draw such inference from intimations in the affidavit, but ██ ██ a charge so grave as that of subornation of perjury must be specifically and distinctly stated.

██ ██ The second, and a sufficient, reason why the petition must be denied is that this court has no power in the state of this appeal, to confer upon the county court, in the manner requested, authority and jurisdiction to re-hear and judicially determine whether movant was or is a fugitive from justice. The bond for appeal to this Court was approved and filed July 26, 1950. At that time jurisdiction of the county court ceased and jurisdiction vested in this Court. Section 753, Code 1942; Johnson v. Mississippi Power Co., 189 Miss. 67, 196 So. 642; Gaudet v. Mayor and Board of Aldermen of City of Natchez, Miss., 42 So. (2d) 808. The county court had no authority to proceed further in the trial of the issues in the case. Jennings v. Shapira, 131 Miss. 596, 95 So. 305. The only method known to our procedure to re-

invest jurisdiction in the county court is by reversal and remand thereto by this Court, and the filing in the county court of mandate from this Court. Sec. 1990, Code 1942; White v. State, 190 Miss. 589, 195 So. 479. Divided jurisdiction, in such cases, is unknown to our procedure. We have no power to temporarily suspend our jurisdiction and re-invest the county court with jurisdiction to adjudicate issues; report back to this Court the result, thereby re-investing this Court with jurisdiction. ▮▮ The functions, powers and jurisdiction of the county courts are prescribed and conferred by the Legislature. This Court has no power to enlarge upon them. Nor would the suggested procedure be authorized or justified as being analogous to the appointment of a master, as is urged upon us by movant. A master is the agent of the appointing court. The county court cannot be made the agent of this Court. It judicially adjudicates questions. Its powers are fixed by the law. It is not, and in the nature of the case cannot be, the agent of any other tribunal. Masters make reports and such reports are subject to contest, rejection, modification, or confirmation. No such procedure could be adopted under the action here suggested. Masters are paid fees, either fixed by statutes or the appointing courts. We have no power to make such allowances. The procedure here suggested cannot be included within, or adapted to, the scheme, authority and method of appointing masters, their powers and functions, and manner of compensation. The suggested procedure is unknown to our jurisprudence.

The motion is denied.