EDMONDS *v.* DELTA DEMOCRAT PUBLISHING COMPANY.

No. 39089          October 18, 1954          75 So. 2d 73

*Lee V. Prisock, Lee B. Agnew,* Jackson; *J. W. Lloyd,* Greenville, for appellant.

*James Robertshaw,* Greenville, for appellee.

GILLESPIE, J.

Appellant, Henry Edmonds, filed suit against appellee, Delta Democrat Publishing Company. Appellee filed a demurrer and counterclaim. On June 3, 1953, the circuit court sustained the demurrer and dismissed the suit, no action being taken on the counterclaim. Edmonds appealed to this Court. Appellee filed a motion in this Court to docket and dismiss the appeal on the ground that there was no final judgment of the circuit court, the counterclaim not having been disposed of by the circuit court. Appellant does not appear to have resisted the motion and the case was dismissed by this Court on October 19, 1953. The order of dismissal taxed appellant with the costs which have never been paid. Because of non-payment of costs, no mandate was ever issued remanding the case to the circuit court. On January 26, 1954, the circuit court, over the objection of appellee that

the lower court had no jurisdiction, proceeded to hear and sustain appellant's motion to dismiss the counterclaim. Appellant then filed in the circuit court another petition for appeal, reciting therein that an appeal bond had already been filed, evidently referring to the bond filed in the original appeal that was dismissed October 19, 1953. The original appeal was reinstated to the docket. Since the dismissal of the appeal on October 19, 1953, no motion for reinstatement has been filed, and nothing has been served on appellee's counsel since the dismissal of the case; nor was any affidavit filed by appellant under Rules of the Supreme Court, Rule 18.

■■■ On October 6, 1954, appellee filed a motion to dismiss the appeal, which we now consider. There being no appeal now pending we will treat appellee's motion as one to remove the case from the docket. The appeal was dismissed on October 19, 1953, and never having been reinstated by any order of this Court, it is improperly on the docket. No motion was made to reinstate the appeal, and no affidavit was made as required by Rule 18, Rules of the Supreme Court. Therefore, the dismissal of the appeal was final.

■■■ When the circuit court heard and sustained appellant's motion to dismiss the counterclaim on January 26, 1954, no mandate had issued out of this Court for the reason that the costs taxed against appellant had not been paid. The circuit court had no jurisdiction, and all proceedings in the circuit court since appellant perfected his original appeal amount to a nullity. The appeal transferred jurisdiction to this Court, where it remains pending the appeal. This is the general rule. 3 Am. Jur., Appeal and Error, Par. 528. The circuit court, being divested of jurisdiction, had no power to proceed to dismiss the counterclaim.

■■■ It is inherently necessary that this Court have some method of advising the lower court of the action taken here; under our practice the method used is the

mandate, a certified copy of the judgment here entered on the appeal. The trial court may not receive any other intelligence of the action of this Court; and until the mandate is issued by the clerk of this Court no jurisdiction is reinvested in the lower court; and no proceedings may be had in the lower court until it receives and files the mandate. 3 Am. Jur., Appeal and Error, par. 1229; Roberson v. Quave, 211 Miss. 401, 51 So. 2d 777, 211 Miss. 398, 51 So. 2d 62.

■■■ The clerk of this Court properly withheld the mandate so long as the costs were not paid. Section 1990, Code of 1942; Mobile & Ohio Railroad Co. v. Watley, 69 Miss. 475, 12 So. 558; Life & Casualty Ins. Co. v. Walters, 190 Miss. 761, 198 So. 746, 200 So. 732.

The mandate may still be issued upon the payment of costs; whereupon the circuit court will be reinvested with jurisdiction of the case. The case may then proceed to final judgment with the right of the aggrieved party to appeal from such judgment.

The motion is sustained as a motion to remove the case from the docket.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.