394 So.2d 895 (1981)
Sue DENTON
v.
Honorable Darwin M. MAPLES.
Misc. No. 1149.
Supreme Court of Mississippi.
March 4, 1981.
*896 Albert S. Johnston, III, Johnston & Steinberger, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Karen Gilfoy, Asst. Atty. Gen., Jackson, Boyce Holleman, Holleman & Krogstad, Gulfport, for appellee.
En Banc.
ROBERTSON, Presiding Justice, for the Court:
On January 21, 1981, Sue Denton filed a Petition for Writ of Mandamus against Circuit Judge Darwin M. Maples of the Nineteenth Circuit Court District, praying that this Court issue a Writ of Mandamus requiring Judge Maples to vacate the January 9, 1981, Order of the Circuit Court of Jackson County directing the Sheriff of the County:
"[T]o take the person of Sue Denton into custody and place her in the Adult Detention Center of Jackson County, Mississippi to begin her sentence in the above styled and numbered cause of this court of eighteen (18) years, said defendant having not yet begun to serve said sentence, as previously affirmed by the Mississippi Supreme Court on August 26, 1977, in Supreme Court Cause Number 49,811."
This Order was issued by Circuit Judge Clinton E. Lockard.
A chronology of events is in order:
On January 27, 1976, Sue Denton was convicted of the crime of aggravated assault with a deadly weapon on Doug Lee, and was sentenced to serve a term of eighteen years in the Mississippi State Penitentiary.
On May 28, 1976, a motion for a new trial and a separate motion for a judgment of acquittal non obstante veredicto were overruled *897 by the Circuit Court of Jackson County.
On July 9, 1976, an appeal from the conviction and sentence was perfected to this Court.
On August 10, 1977, the opinion of this Court affirming both the conviction and sentence was announced and published.
On August 18, 1977, Judge Darwin M. Maples entered an Order stating:
"This day this cause came on to be heard on the petition of the Defendant, Sue Denton, for reconsideration of her previously imposed sentence and the court being fully advised in the premises as to all of the allegations contained in her petition and having heard statements made by the victim, Doug Lee, in this cause and having read a report by the said defendant's physician, Julius Bosco, M.D., is of the opinion that the petition should be and is hereby sustained.
"IT IS THEREFORE ORDERED AND ADJUDGED, that the sentence heretofore imposed upon the Defendant, Sue Denton, should be and is hereby suspended until further order of this court so that she may obtain medical care.
"IT IS FURTHER ORDERED AND ADJUDGED, that contemporaneous with the order entered herein there is an agreed order being entered in civil action cause number 9550 in this court which said order carried with it certain agreements made and entered into between the parties in said suit who are the victim in this cause, Doug Lee and the Defendant herein, Sue Denton, and a condition of the suspension of sentence in this cause should be and is hereby directed that the Defendant, Sue Denton, abide by and perform each and every agreement made and entered into in the agreed order in cause number ____ in this court and should Sue Denton fail to perform any of the agreements therein then the suspension of sentence in this cause shall be immediately revoked and she shall thereupon be reincarcerated."
The "Agreed Judgment" in Civil Cause No. 9550 ordered Sue Denton to pay $15,000 damages to Douglas L. Lee, the victim of her aggravated assault.
On August 26, 1977, the mandate of this Court affirming the conviction and sentence was directed to the Circuit Court of Jackson County. The mandate closed with this language:
"YOU ARE THEREFORE HEREBY COMMANDED, That such execution and further proceedings be had in said cause, as according to right and justice, and the judgment of our SUPREME COURT and the law of the land ought to be had."
The mandate of this Court was ignored and the suspension of sentence remained in effect until Sue Denton was picked up and confined, in accordance with the January 9, 1981, order.
The Circuit Court of Jackson County had neither authority nor jurisdiction to issue its order of August 18, 1977, suspending the execution of the sentence of confinement affirmed by this Court on August 10, 1977. The Order of the Circuit Court of August 18, 1977, was a nullity and void ab initio. Black's Law Dictionary, Revised Fourth Edition (1968), at page 1114, defines mandate in this way:
"A command, order, or direction, written or oral, which court is authorized to give and person is bound to obey. Silverman v. Seneca Realty Co., 276 N.Y.S. 466, 154 Misc. 35. A judicial command or precept proceeding from a court or judicial officer, directing the proper officer to enforce a judgment, sentence, or decree. Seaman v. Clarke, 69 N.Y.S. 1002, 60 App. Div. 416; Horton v. State, 63 Neb. 34, 88 N.W. 146.
"A precept or order issued upon the decision of an appeal or writ of error, directing action to be taken, or disposition to be made of case, by inferior court. Egbert v. St. Louis & S.F.R. Co., 50 Okl. 623, 151 P. 228, 230."
The execution of the mandate of this Court is a purely ministerial act. 24B C.J.S. Criminal Law § 1952(1), (1962).
*898 In Edmonds v. Delta Democrat Pub. Co., 221 Miss. 785, 75 So.2d 73 (1954), this Court stated the purpose and role of the mandate in clear and unmistakable language:
"When the circuit court heard and sustained appellant's motion to dismiss the counterclaim on January 26, 1954, no mandate had issued out of this Court for the reason that the costs taxed against appellant had not been paid. The circuit court had no jurisdiction, and all proceedings in the circuit court since appellant perfected his original appeal amount to a nullity. The appeal transferred jurisdiction to this Court, where it remains pending the appeal. This is the general rule. 3 Am.Jur., Appeal and Error, Par. 528. The circuit court, being divested of jurisdiction, had no power to proceed to dismiss the counterclaim.

"It is inherently necessary that this Court have some method of advising the lower court of the action taken here; under our practice the method used is the mandate, a certified copy of the judgment here entered on the appeal. The trial court may not receive any other intelligence of the action of this Court; and until the mandate is issued by the clerk of this Court no jurisdiction is reinvested in the lower court; and no proceedings may be had in the lower court until it receives and files the mandate. 3 Am.Jur., Appeal and Error, par. 1229; Roberson v. Quave, 211 Miss. 398, 401, 51 So.2d 62, 777.
221 Miss. at 787-88, 75 So.2d at 74. (Emphasis added).
In a later case, Crocker v. Farmers and Merchants Bank, et al., 293 So.2d 444 (Miss. 1974), we said:
"The decree appealed from herein was dated November 15, 1972. Its main thrust was to broaden and in effect `modify' the decree of the Chancery Court of Calhoun County dated May 13, 1972, which was on appeal by both sides without supersedeas. The appeal divested the lower court of jurisdiction and the decree of November 15, 1972 modifying the earlier decree cannot be upheld."

293 So.2d. at 444. (Emphasis added).
The petitioner contends that Mississippi Code Annotated section 47-7-33 (1980 Supp.), grants authority to suspend the execution of a sentence after it has been affirmed by this Court. We do not construe this section as so providing. § 47-7-33 states:
"When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interest of the public, as well as the defendant, will be served thereby, such court, in term time or in vacation, shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or where the defendant has been convicted of a felony on a previous occasion in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence. In placing any defendant on probation, the court, or judge, shall direct that such defendant be under the supervision of the department of corrections." (Emphasis added).
Under section 47-7-33, the suspension can only be made immediately "after conviction or a plea of guilty". The statute also contains this language which sheds light on its meaning: "to suspend the imposition or execution of sentence," and "except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence." (Emphasis added).
All of this language supports our opinion that the only time a trial judge can suspend a sentence is immediately after the defendant is convicted and at the time the trial judge announces and imposes sentence. If no appeal is perfected and defendant *899 begins to serve the sentence imposed, the time has passed for the trial judge to suspend the sentence under § 47-7-33.
The petitioner also contends that General Laws of 1977, Chapter 479, Sec. 5 (effective April 14, 1977), is applicable. The pertinent portion of that section provides:
"(1) The judge of any circuit court may place an offender on a program of earned probation after a period of confinement as set out herein and the judge may seek the advice of the Commissioner of the Department of Corrections and shall direct that such defendant be under the supervision of the Department of Corrections.
"(2)(a) Any circuit court or county court may, upon its own motion, acting upon the advice and consent of the Commissioner of the Department of Corrections at the time of the initial sentencing only, not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been delivered to the custody of the Department of Corrections, to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation, ..." (Emphasis added).
This section, by its very terms, is not applicable and does not in any way impinge upon or vary the specific provisions of Mississippi Code Annotated section 11-3-41 (1980 Supp.), which provides in part:
"Every final judgment or decree rendered in any cause by the supreme court shall be certified by the clerk thereof to the clerk of the court from which the cause was brought, or to which it is remanded, within thirty-five (35) days after the rendition of the judgment. And it shall be the duty of the clerk of the court below, on receiving the mandate, to issue the proper execution on the final judgment or decree, ..." (Emphasis added).
The petition for writ of mandamus is, therefore, denied.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.