ROBERTSON, Justice,
for the Court:
Following our remand for resentencing, Gardner v. State, 531 So.2d 805, 808, 810 (Miss.1988), Jackie Gardner reappeals to this Court and challenges his new misdemeanor sentence of six months imprisonment and payment of a $1,000.00 fine as having been imposed at a time when the Circuit Court had no jurisdiction because it had not received the mandate from this Court on his prior appeal.
The record before us reflects the following course of proceedings. On September 28, 1988, this Court rendered a formal opinion and order finally denying Gardner’s challenge to the judgment that he stand convicted of the offense of conspiracy to operate an insurance company in violation of state law. Miss.Code Ann. §§ 83-5-5, *807 83-5-69, 83-19-75, and 97-1-1 (1972). The Court held, however, that this offense was a misdemeanor and not a felony and that the maximum punishment to which Gardner may lawfully be subjected was that provided by Miss.Code Ann. § 99-19-31 (Supp.1989). Gardner, 531 So.2d at 808, 810.
On October 7, 1988, Gardner, personally and through counsel, appeared before the Circuit Court of Hinds County, Mississippi, whereupon that Court imposed the present six month/$l,000.00 fine sentence, to take effect in futuro. As of that date, the Circuit Court had not received this Court's mandate disposing of Gardner’s prior appeal. By reason thereof, the Court announced
that imposition of this sentence shall be stayed until the 21st day of October, at which time the mandate of the Mississippi State Supreme Court should be received by this Court. In the event that the mandate is not received by that time, then that sentence will not be imposed until such time as the mandate is received.
Then, in the Court’s formal sentencing order, the Circuit Court provided:
Sentence to be deferred until October 21, 1988, or the date of receipt of the mandate of the Mississippi Supreme Court.
The Court’s mandate was issued by the clerk of this Court on October 21,1988, but was not in fact received by the clerk of the Circuit Court of Hinds County until October 24, 1988. Gardner has not been brought before the Circuit Court for resen-tencing since that time. Instead, he has perfected an appeal to this Court from the resentencing order and has obtained release on bail pending appeal. Gardner argues that the hearing and sentencing order of October 7, 1988, are void and of no force and effect because on that date the Circuit Court was without jurisdiction to do anything, much less impose a new sentence.
It is certainly true that the Circuit Court had no authority to resentence Gardner until jurisdiction of the ease was revested there, although the view once that the jurisdiction of this Court wholly deprived the trial court of authority to take any action at all has been considerably ameliorated. See, e.g., Rule 60, Miss.R.Civ.P.; Rules 3, 6, 8, 9, 10, 11, Miss.Sup.Ct. Rules; Ward v. Foster, 517 So.2d 513, 516-17 (Miss.1987); Wilson v. State, 461 So.2d 728, 729 (Miss.1984).
This Court’s decision on Gardner’s original appeal was rendered September 28, 1988. No petition for rehearing was filed. Rule 41(a) provides:
The mandate of this Court shall issue twenty-one (21) days after the entry of judgment unless the time is shortened or enlarged by order.
No order shortening or enlarging the time having been entered, the mandate should have been issued on October 19, 1988. In fact and in law authority to resentence could become vested in the Circuit Court only upon that Court’s receipt of the mandate. In Edmonds v. Delta Democrat Publishing Co., 221 Miss. 785, 75 So.2d 73 (1954), the Court said:
It is inherently necessary that this Court has some method of advising the lower court of the action taken here; under our practice, the method used is the mandate, a certified copy of the judgment here entered on the appeal. The trial court may not receive any other intelligence of action of this Court; and until the mandate is issued by the clerk of the court, no jurisdiction is reinvested in the lower court, and no proceedings may be had in the lower court until it receives and files the mandate.
221 Miss. at 787-88, 75 So.2d at 74. This principle survives and remains valid, notwithstanding the adoption of the Mississippi Supreme Court Rules effective January 1, 1988.
Slight imprecision in wording aside, the order at issue may only be read as providing that Gardner stand resentenced effective October 21, 1988, or the date the clerk of the Circuit Court received and filed this Court’s mandate, whichever was the later. Upon the circuit clerk’s receipt of the mandate on October 24, 1988, the order by its terms became operative, effective immediately. The question becomes whether the resentencing order dated October 7, 1988, but to take effect only once the mandate be received may now be enforced.
*808 We have considered whether a circuit court may impose a sentence in this manner. Rule 6.01, Miss.Unif.Crim.R.Cir.Ct. Prac. (1989) provides:
The sentence shall be pronounced in open court, in term time or vacation, in the presence of the defendant (except as provided in Rule 3.02) and recorded in the minutes of the court.
Rule 3.02 is entitled Personal Presence Of Defendant and, in the context of arraignment and entry of plea, provides
The defendant’s personal appearance is unnecessary where he is charged with the commission of a misdemeanor.
Nothing in the rule proscribes imposition of a sentence to take effect on a specified date in the future. Pretermitting the question whether this form of sentencing order may have been effective had Gardner’s offense been a felony, Rules 6.01 and 3.02 in combination may only be read as providing that a misdemeanant need not be personally present at the time of sentencing. In fact, Gardner was present when the Circuit Court verbally imposed, sentence, although postponing the effective date of the sentencing order.
We construe the order at issue to provide that, effective October 24, 1988, Gardner stood sentenced to six months imprisonment and the payment of a $1,000 fine, notwithstanding that no proceedings were had on that' date in open court or that Gardner was not personally present. This order may now be enforced according to its terms, consistent with our general rule that jurisdiction revests in the trial court only upon receipt of the mandate.
AFFIRMED
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.