# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-KA-01209-SCT

*ROBERT S. STOVALL a/k/a ROBERT SIDNEY STOVALL*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/23/95 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROY E. CARPENTER JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

Robert Stovall filed a petition for post conviction relief in Choctaw County Circuit Court on October 20, 1995. Stovall's petition alleged that the trial court lacked jurisdiction and authority to alter the amount of time served and suspended from his five year sentence. Stovall contended that since the trial court lacked such authority, then the trial court also lacked authority to extend his supervised probationary time. The trial court denied Stovall's petition stating that the trial court's authority to alter the length of time actually served of a sentence was irrelevant because the trial court did not lack jurisdiction in altering Stovall's probationary period from one to two years. Aggrieved, Stovall appeals the lower court's decision to this Court.

**FACTS**

On August 18, 1993, Stovall entered a plea of guilty to burglary of a dwelling in the Choctaw County Circuit Court. The trial court accepted the jail sentence recommendation that was offered by the State as a result of plea negotiations between the State and Stovall. The trial court sentenced Stovall to a term of five years, with three years suspended for three years, and two years to serve. Stovall was ordered to pay court costs. Stovall was also placed under the supervision of the Mississippi Department of Corrections for a probation period of one year "or until such time as the court ... shall alter, extend, terminate or direct the enforcement of the sentence, and the suspension of the sentence is based upon" a list of specified conditions.

On May 6, 1994, the Honorable G. Jyles Eaves, attorney at law, on behalf of Stovall, presented a Corrected Judgement to the trial court. The trial court was told that Stovall suffered from severe medical problems and that his family was experiencing severe hardships due to his incarceration. The district attorney was also present and agreed to entering a corrected judgement. The trail court entered a corrected judgement which provided that Stovall serve a term of five years with the MDOC, four years and two months suspended, ten months to serve. Additionally, Stovall was placed on two years supervised probation following his release from the MDOC. Stovall was also ordered to pay costs.

Based upon the re-sentencing order, Stovall was released from custody on June 14, 1994. Subsequently, on August 18, 1995, Don Wicha, field officer with the MDOC, filed an affidavit claiming that Stovall committed acts which violated the terms of his probation. Finding that Stovall did violate the terms of his probation, the trial court entered an order revoking Stovall's probation and ordering that he serve the term of four years and two months previously suspended.

Stovall filed a petition for post-conviction relief in the Choctaw County Circuit Court on October 20, 1995. Stovall contends that the May 6, 1994, corrected judgement altering the prior sentence was null and void *ab initio*. Stovall argues that since the corrected judgement is null and void *ab initio* (which includes an increase of probation to two years), the original one year probation should be applied instead of the May 6, 1994 corrected judgement two year probation. Stovall contends that since the court lacked authority to correct his original sentence, the Department of Corrections lost authority to revoke the probation since his original one year probation had expired. Stovall was released from the MDOC on June 14, 1994. Stovall contends that his probation expired on June 14, 1995, and therefore, his probation was fulfilled and terminated before the August 18, 1995, violations of probation were filed with the trial court.

The trial court filed an order denying Stovall's petition for post conviction relief on October 23, 1995. The trial court noted that the corrected judgement was entered upon Stovall's initiation and for his benefit. The trial court determined that whether it had jurisdiction to reduce the original sentence was immaterial because the real issue is whether the trial court had the authority to extend the supervised probation. Citing Miss. Code Ann. § 47-7-37, and noting that the original sentence specifically provided that the court could alter, extend or terminate the enforcement of the sentence and the suspension of the sentence, the trial court determined that it had acted properly when it extended the length of Stovall's supervised probation.

**I.**

**WHETHER THE CIRCUIT COURT WAS WITHOUT JURISDICTION TO ALTER THE SENTENCE OF AUGUST 18, 1993?**

Stovall is correct, and the State concedes, that the trial court did not have jurisdiction to change the sentence once Stovall began to serve his sentence. Miss. Code Ann. § 47-7-33 ( 1972) provides in part that a court:

> shall have the power, after conviction or a plea of guilty, . . . to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided, except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.

Thus, after a defendant begins serving a sentence, the trial court has no authority or jurisdiction to extend or suspend any length of a sentence. In **Denton v. Maples**, 394 So.2d 895, 898 (Miss. 1981), this Court wrote:

> . . . [T]he only time a trial judge can suspend a sentence is immediately after the defendant is convicted and at the time the trial judge announces and imposes sentence. If no appeal is perfected and defendant begins to serve the sentence imposed, the time has passed for the trial judge to suspend the sentence under § 47-7-33.

*See also* **Payne v. State**, 462 So.2d 902, 905-06 (Miss. 1984). Therefore, in the case *sub judice*, the trial court lacked the authority and jurisdiction to reduce and alter the number of years suspended from the five year sentence.

## II.

**WHETHER THE CIRCUIT COURT WAS WITHOUT AUTHORITY TO REVOKE STOVALL'S PROBATION?**

Stovall argues that the Department of Corrections lost its authority to revoke his probation. Stovall contends that only a one year period of probation from the original order, rather than the corrected sentence order for two years probation, should be applied. Under such reasoning, since the probation violations came to the court later than one year after his release from the MDOC, the probation officer and the court lacked the authority to maintain a probation violation action. The State and the trial court maintain that the trial court has the authority to alter probationary periods.

The applicable statute is Miss. Code Ann. § 47-7-37 (1995), which reads in pertinent part: "The period of probation shall be fixed by the court, and *may at any time* be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years, except . . . ." (emphasis added) Therefore, the trial court may at any time alter a criminal defendant's probation. "At any time" should be reasonably and logically interpreted as so long as the defendant is either incarcerated or already on probation, but not after a defendant has served in full the sentence and probation. In the case *sub judice*, the May 6, 1994, corrected judgement extended Stovall's probation from one year to two years. The corrected judgement extended Stovall's probation while he was incarcerated under the authority of MDOC and his probationary time had not been fulfilled. Therefore, the trial court could and did extend the probationary period since such period did not

exceed the statutory five years.

In conclusion, Stovall is correct in asserting that the trial court lacked jurisdiction to alter the amount of time suspended from of his sentence. However, the trial court did not lack jurisdiction to alter the time period of Stovall's probation from one year to two years. Since Stovall's probation violations occurred within the two year probation period, Stovall should be required to serve the full five year sentence ordered by the lower court. Therefore, Stovall's petition for post conviction relief should be denied, and the lower court's order affirmed.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**PRATHER, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY.**