845 So.2d 740 (2003)
Stanley WOODSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00056-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*741 Gail P. Thompson, Oxford, attorney for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, IRVING and GRIFFIS, JJ.
IRVING, J., for the court.
¶ 1. Stanley Woodson was convicted in the Circuit Court of Lafayette County of aggravated assault against his brother-in-law and sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections. Aggrieved by the judgment below, Woodson has appealed and presents three issues: (1) whether he received ineffective assistance of counsel, (2) whether the court erred in denying his motion to dismiss based upon a speedy trial violation under the Sixth Amendment, (3) whether the cumulative effect of the errors deprived him of a fundamentally fair trial, and (4) whether the verdict of the jury is against the overwhelming weight of the evidence.
¶ 2. We discern no error; therefore, we affirm.

FACTS
¶ 3. On or about April 8, 1997, Stanley Woodson went to Abtco, a manufacturing plant in Holly Springs, Marshall County, Mississippi. Ricky Nunnally, the brother of Woodson's wife, worked at Abtco. Woodson carried a bat and pistol with him.
¶ 4. Nunnally was on the back of a truck cutting steel with a torch when someone exclaimed, "Watch out!" Nunnally turned and saw Stanley Woodson holding a gun and a baseball bat. Woodson swung the bat at Nunnally who moved to avoid its contact. Trying to escape, Nunnally jumped off his truck and ran away from Woodson. Woodson fired several shots at Nunnally before Nunnally was hit. Nunnally, being shot in the leg and in the foot, fell to the ground and broke his ankle. Shortly after this incident, Woodson was arrested and charged with aggravated assault.
¶ 5. A day before this incident, Nunnally and Woodson had gotten into a confrontation at the house of Nunnally's younger sister. Woodson had been arguing with Woodson's wife before this confrontation occurred. Nunnally had hit Woodson in the head with a foreign object and caused him to bleed.
¶ 6. On May 20, 1999, Woodson was tried and convicted of aggravated assault.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Ineffective Assistance of Counsel
¶ 7. Woodson claims he was denied effective assistance of counsel. He argues that his attorney only gave him short briefings about his case. Woodson also complains that counsel failed to find pictures or produce witnesses that would have ensured him a fair trial. Woodson's theory was that he was afraid for his life because Nunnally had struck him the day before *742 the shooting. Therefore, he explains, these pictures and witnesses would verify and prove that he had been assaulted by Nunnally, thereby illuminating his state of mind.
¶ 8. Our standard of review for a claim of ineffective assistance of counsel is a two-part test: the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial. Jackson v. State, 815 So.2d 1196, 1200(¶ 8) (Miss.2002) (citing Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). This review is highly deferential to the attorney, with a strong presumption that the attorney's conduct fell within the wide range of reasonable professional assistance. Id. With respect to the overall performance of the attorney, "counsel's choice of whether to file certain motions, call witnesses, ask certain questions, or make certain objections falls within the ambit of trial strategy" and cannot give rise to an ineffective assistance of counsel claim. Id. (citing Cole v. State, 666 So.2d 767, 777 (Miss.1995)).
¶ 9. A defendant claiming ineffective assistance of counsel has the burden of proving not only that counsel's performance was deficient, but also that he was prejudiced thereby. Id. at 1200(¶ 9) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Additionally, the defendant must show that there is a reasonable probability that, but for his attorney's errors, he would have received a different result in the trial court. Id. (citing Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992)). Finally, the court must then determine whether counsel's performance was both deficient and prejudicial based upon the totality of the circumstances. Id. (citing Carney v. State, 525 So.2d 776, 780 (Miss.1988)).
¶ 10. We find no merit in Woodson's contentions. Woodson first fails to show that the meetings between him and his counsel were not sufficient to prepare for his trial. Woodson also does not identify what pictures were not retrieved or what witnesses were not subpoenaed. He merely proclaims that this evidence could have substantiated Nunnally's assault upon him and Woodson's state of mind during the shooting. Moreover, on the facts of this case, we fail to see how Woodson's state of mind at the time of the shooting could cause a different result. Woodson sought Nunnally out for the attack.
¶ 11. This Court finds that Woodson's counsel provided effective and adequate representation. Defense counsel put on evidence that Nunnally struck Woodson the day before the shooting and caused Woodson to bleed profusely inside his car. Woodson's attorney also put on evidence that Woodson was afraid for his life when he came to Nunnally's job before the shooting. Defense counsel called Police Chief Jimmy Howell who testified that Woodson claimed to have found a threatening note at his home the day before April 8, 1997, and that Woodson suspected that Nunnally authored it. The point which Woodson claims his attorney failed to establish by the use of pictures and witnesses who were not called to testify was in fact established by the testimony of the witnesses that defense counsel did present. We therefore find that Woodson's argument on this issue fails.

2. Speedy Trial
¶ 12. Woodson argues that he was denied the right to a speedy trial. He explains that he was arrested April 8, 1997, and tried on May 20, 1999, which was three years and seven months after his *743 arrest.[1] Therefore, Woodson contends that the State was in clear violation of his constitutional protection under the Sixth Amendment.
¶ 13. We find that Woodson's speedy trial claim was not preserved for appellate review since this issue was not raised either before trial or in the post-trial/pre-notice of appeal filings. The following filings illustrate this fact. The jury convicted Woodson on May 25, 1999, and the trial judge entered a judgment of conviction on the same date. On May 27, 1999, three filings occurred. Woodson's trial counsel filed a motion for judgment of acquittal or in the alternative, for a new trial; the trial judge filed an order overruling Woodson's motion, and Woodson filed his notice of appeal.
¶ 14. We have thoroughly examined the record and can find no place where the speedy trial claim was raised prior to trial. Woodson's trial counsel, who filed the notice of appeal, did not raise the issue in his post-trial motion.
¶ 15. On January 24, 2000, approximately eight months after Woodson was sentenced, Woodson filed a pro se motion to dismiss in which the speedy trial issue was raised for the first time. In his motion, Woodson sought to have the charges dismissed even though he had already been convicted of them. On February 1, 2000, the trial judge overruled Woodson's motion.
¶ 16. Notwithstanding the trial court's ruling on Woodson's motion to dismiss, we find that the trial court lacked jurisdiction to do so. Since Woodson had already filed his notice of appeal at the time that he filed his motion to dismiss, as well as at the time that the trial court ruled on the motion, jurisdiction of this matter no longer reposed in the trial court. In other words, Woodson's notice of appeal divested the trial court of further jurisdiction in the matter. See Cannaday v. State, 455 So.2d 713, 725-26 (Miss.1984); Edmonds v. Delta Democrat Pub. Co., 221 Miss. 785, 787, 75 So.2d 73, 74 (1954).
¶ 17. Even though we find that Woodson is procedurally barred from raising this issue on appeal, we address it briefly. Woodson asserts that the delay in prosecution prejudiced him because (1) pictures of the injuries that Nunnally inflicted upon him the day before he assaulted Nunnally were lost, and (2) witnesses failed to be called to testify on his behalf as to his state of mind during his April 8, 1997 confrontation with Nunnally. "Generally, proof of prejudice entails the loss of evidence, death of witnesses, or staleness of an investigation. The possibility of impairment of the defense is the most serious consideration in determining whether the defendant has suffered prejudices as a result of delay." Sharp v. State, 786 So.2d 372, 381(¶ 19) (Miss.2001).
¶ 18. Here, Woodson's claims are not persuasive because during the trial he presented evidence which confirmed both the injuries that he received in the confrontation with Nunnally and his state of mind as a result of his prior confrontation with Nunnally. The evidence, about which Woodson complains he was unable to present, was cumulative to the evidence which he did present. We can discern no prejudice under these circumstances. Therefore, it necessarily follows that Woodson's Sixth Amendment right to a speedy trial was not violated since there can be no violation in the absence of prejudice.

*744 3. Cumulative Effect of Errors /New Trial

¶ 19. In his final assignment of error, Woodson argues that the cumulative effect of errors committed in the trial court deprived him of a fundamental right to a fair trial and that the verdict was against the overwhelming weight of the evidence. We address each in turn.
¶ 20. While Woodson contends that the cumulative effect of the alleged errors robbed him of a fair trial, he offers no authority in support of his contention. Generally, a failure to cite authority in support of an argument advanced constitutes a procedural bar, and the court is under no obligation to address the issue. McClain v. State, 625 So.2d 774, 781 (Miss. 1993). Although we are under no obligation to address this issue, we address it just to say that the claim is wholly without merit. "Where there is no reversible error in any part, [there can be] no reversible error to the whole." Doss v. State, 709 So.2d 369, 401 (Miss.1996) (citing McFee v. State, 511 So.2d 130, 136 (Miss. 1987)). We have not found error, much less reversible error. Woodson's claim of prejudicial cumulative error is without merit.
¶ 21. Lastly, Woodson contends that the verdict is against the overwhelming weight of the evidence. However, he fails to demonstrate how the verdict is against the overwhelming weight of the evidence. He only reasserts the alleged deficiencies by his attorney and the unfairness of being denied a speedy trial. It is sufficient to say, without again detailing the evidence adduced at trial, that the State met its burden of proof and that the verdict is fully supported by the evidence. This assignment of error is void of merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAY $2,000 IN RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Although Woodson says in his brief that three years and seven months elapsed between the date of his arrest and trial, our calculation reveals that it was only two years, one month, and twelve days.