943 So.2d 78 (2006)
Tramaine CURRY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02541-COA.
Court of Appeals of Mississippi.
August 1, 2006.
Rehearing Denied November 28, 2006.
Johnnie E. Walls, Greenville, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Tramaine Curry was convicted of sexual battery in the Circuit Court of Bolivar County. He was sentenced to serve a term of twenty years, with five years suspended, in the custody of the Mississippi Department of Corrections. The trial court denied Curry's motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. Aggrieved by his conviction and sentence, Curry appeals. Finding no error, we affirm.

*79 FACTS
¶ 2. On September 21, 2004, Curry was indicted by a Bolivar County grand jury for sexual battery. The indictment stated that on October 24, 2003, Curry unlawfully, willfully and feloniously engaged in sexual penetration with a female child under the age of fourteen years. Raymond Wong was appointed by the circuit court to represent Curry. On September 28, 2004, Curry entered a plea of not guilty.
¶ 3. The trial began on November 1, 2004. The victim, an eight-year-old girl (hereinafter referred to as "M.B."), testified that on the day in question she was in her grandfather's house with her brother (hereinafter referred to as "M.Z.B."), her sister, and Curry. Curry called her into the kitchen and led her into another room. Once they were inside the room, Curry closed the door and pulled down his pants. He instructed her to get down on her knees and "suck pajamas." M.B. described "pajamas" as something in the front of Curry's body, below his stomach, and brown in color. She further testified that Curry made her put it in her mouth, that it "felt bad," and that afterward, he "dumped something out over there on the floor."
¶ 4. M.Z.B., M.B.'s nine-year-old brother, also testified as to the events of that day. He testified that Curry told him that he was going into the room to clean and that he was taking M.B. with him to help. He explained that when he stood on the porch and looked through a window into the room he saw Curry standing up with his pants down and M.B. on her knees. He further testified that Curry had his penis outside of his pants and that M.B.'s face was close to his penis. M.Z.B. pointed to the place on a boy's body where M.B.'s face was positioned on Curry's body. M.Z.B. elaborated further, testifying that Curry's legs were open and that M.B. was on the floor in front of him.
¶ 5. Curry took the stand in his defense. He testified that he was babysitting the children. According to Curry, he sat the children down in the front room and fed them potato chips, corn dogs, and pop as they watched television. He also testified that he sent the children to the market to get the potato chips. Curry described the room in question as a room filled with junk. He further stated that, of the two entrances to the room, one was locked and the other was blocked by a wheelchair. Curry also testified that he did not commit sexual battery on M.B.
¶ 6. On November 2, 2004, Curry was convicted of sexual battery. The trial court denied his motion for JNOV or, in the alternative, a new trial. Aggrieved by the trial court's decision, Curry appeals. He asserts the following issues for this Court's review: (1) whether the verdict of the jury was against the overwhelming weight of the evidence as the state failed to make a prima facie case of sexual battery against Curry; (2) whether Curry received ineffective assistance of counsel; and (3) whether the cumulative effect of the errors warrants reversal of conviction and sentence.

ISSUES AND ANALYSIS
I. Whether the verdict of the jury was against the overwhelming weight of the evidence as the state failed to make a prima facie case of sexual battery against Curry.
¶ 7. Although Curry presents this issue as a challenge to the weight of the evidence, he argues that the critical elements of the crime were so lacking that a reasonable jury could not have found him guilty. Citing McClain v. State, 625 So.2d 774, 778 (Miss.1993), Curry asserts that "in considering motions challenging the sufficiency *80 of the State's proof" the trial court "must view the evidence in the light most favorable to the State giving the prosecution the benefit of all reasonable inferences which may be drawn from the evidence." Thus, Curry challenges the legal sufficiency of the evidence, rather than the weight of the evidence.
¶ 8. A motion for directed verdict and JNOV, as well as a request for peremptory instruction, challenges the legal sufficiency of the evidence, "since each requires consideration of the evidence before the court when made." McClain v. State, 625 So.2d 774, 778 (Miss.1993). Reversal on the issue of legal sufficiency can only occur when evidence of one or more of the elements of the charged offense is such that "reasonable and fair-minded jurors could only find the accused not guilty." Purnell v. State, 878 So.2d 124, 129(¶ 14) (Miss.Ct.App.2004) (citing Hawthorne v. State, 835 So.2d 14, 21(¶ 31) (Miss.2003)). However, where substantial evidence of such quality and weight exists to support the verdict, and where reasonable and fair-minded jurors may have found the appellant guilty, we must affirm the judgment of the trial court. McClendon v. State, 852 So.2d 43, 47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.1995)).
¶ 9. In support of challenge to the legal sufficiency of the evidence, Curry asserts that M.Z.B. did not see him put his penis in M.B.'s mouth. He further asserts that some of M.Z.B.'s testimony is inconsistent with other evidence. For example, Curry notes that M.Z.B. testified that a screwdriver latched the door of the room in question, but that the police never reported finding a screwdriver. He also notes that M.Z.B. testified that a screen was over the window through which he saw Curry and M.B., but that Officer Oliver Jones with the Shelby Police Department testified that there was no screen on the window.
¶ 10. We find that Curry's challenge to the legal sufficiency of the evidence does not justify reversal. The State presented the testimonial evidence of M.B. that Curry pulled down his pants, made her get down on her knees, and put his penis in her mouth. M.Z.B.'s version of the events was consistent with that of M.B.'s, as he testified that he saw M.B. on her knees in front of Curry, who had his pants down. Furthermore, Curry admits in his brief that the inconsistencies he points out in M.Z.B.'s testimony are "minute." Therefore, we conclude that reasonable jurors could have found Curry guilty. This issue is without merit.
II. Whether Curry received ineffective assistance of counsel.
¶ 11. Curry argues that he received ineffective assistance of counsel because his attorney neither fully developed his defense nor properly questioned the key witnesses (M.B. and M.Z.B.). Curry asserts that his attorney should have questioned M.Z.B. about the sequence of events from the time he arrived at the house to the time he went to the market. Curry further asserts that his attorney failed to "fully question" M.B. about finding M.Z.B. and her sister watching television after the assault occurred.
¶ 12. The standard for ineffective assistance of counsel was set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Curry must show that his attorney's overall performance was deficient, and that this deficiency deprived him of a fair trial. Strickland, 466 U.S. at 689, 104 S.Ct. 2052; Moore v. State, 676 So.2d 244, 246 (Miss.1996) (citing Perkins v. State, 487 So.2d 791, 793 (Miss.1986)). We must be mindful of the *81 "strong rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic." Covington v. State, 909 So.2d 160, 162(¶ 4) (Miss.Ct.App.2005) (quoting Stevenson v. State, 798 So.2d 599, 602(¶ 6) (Miss.Ct.App.2001)). To overcome this presumption, Curry must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. 2052; Woodson v. State, 845 So.2d 740, 742(¶ 9) (Miss.Ct.App.2003).
¶ 13. Regarding the questioning of the key witnesses, it was Curry's attorney that brought out during M.B.'s cross-examination that she found M.Z.B. and her sister watching television after the assault occurred. Curry has not shown how the outcome of his trial would have been different. Instead, he vaguely asserts that his attorney's performance was deficient and that he was deprived of a fair trial. We find that there is nothing in the record to overcome the presumption that Curry received effective assistance of counsel. This issue is without merit.
III. Whether the cumulative effect of errors warrants reversal of conviction and sentence.
¶ 14. Because we determine that Curry has failed to demonstrate any error whatsoever, we find that this issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.