441 So.2d 1374 (1983)
James Lee TOLBERT
v.
STATE of Mississippi.
No. 54036.
Supreme Court of Mississippi.
December 21, 1983.
J.B. Garretty, Corinth, for appellant.
Bill Allain, Atty. Gen. by Walter L. Turner, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
James Lee Tolbert was convicted of the crime of murder in the Circuit Court of Alcorn County and sentenced to a term of life in the Mississippi Department of Corrections.
It is only necessary for us to address one assigned error on this appeal, the failure of the state to furnish the defendant copies of *1375 statements made by the defendant after a court order to do so, but instead reserving these statements for impeachment purposes. Finding this to be reversible error. We reverse and remand.
On March 23, 1981, Tolbert shot and killed Annie Katherine Boyd Cox with a pistol. Contrary to his contention on appeal, the evidence supports his conviction of murder.
On May 19, 1981, Tolbert's counsel filed a motion for production of documents. The motion was sustained by order of the Court dated May 22, 1981, which directed the state, among other things, to produce for inspection "any and all written documents or statements which the Defendant is alleged to have made in this cause which might be construed as a confession or admission of the crime charged ..."
One of the eyewitnesses to the slaying was Carolyn Brand. In cooperation with law enforcement officers, but unknown to Tolbert, she tape recorded three conversations with him, one in July, another in August, and the final on the eve of the trial in October, 1981. These recordings contained incriminating statements by Tolbert, encouraging her to testify in his favor.
At the trial, when Tolbert took the stand in his own defense, the state laid a predicate for the admission of the tapes by asking him if he had made certain statements to Brand, which he strongly denied.
In rebuttal, the state offered transcriptions of the tape into evidence.
Before the statements were offered to the jury, Brand testified in rebuttal that Tolbert contacted her in July, 1981, and when she went to see him he wanted her to change her testimony. According to her she was scared of him and promised to do so. When she left, however, she quite properly reported the matter to the law enforcement officers who arranged to make tape recordings of subsequent conversations she would have with Tolbert.
Two of the recorded conversations were over the telephone, another when they met person-to-person.
Counsel objected to the introduction of transcriptions of the tapes as being violative of federal law, entrapment, but strangely did not list as a reason for his objection that to do so violated the order of the Court.
The circuit judge, however, did consider this point in his ruling, and held the state was not required to produce a "transcribed rendition of the taped conversations since they were to be used in rebuttal."
The Court did exclude one of the transcriptions, but for another reason. Relevant portions of the transcriptions of the remaining recorded conversations were admitted into evidence over the objection of defense counsel.

LAW
Most statements made by a defendant for which discovery is sought involve statements given to law enforcement officers. We are not required to address the question in this case of whether Tolbert's conversations with Brand were to a law enforcement officer because the court order, as the circuit court recognized, covered all statements made by Tolbert.
We are faced with the narrow question of whether the fact that the statements were reserved for rebuttal removed them from the scope of the order.
Under our holding in Jackson v. State, 426 So.2d 405 (Miss. 1983); and Morris v. State, 436 So.2d 1381 (Miss. 1983), there is no distinction in an incriminating statement being offered by the state's case in chief, or reserving it for rebuttal, the accused is nevertheless entitled to discovery so as not to be caught by surprise at trial. We recognize the unusual aspects of this kind of statement. The law enforcement officers are to be commended for their diligence, and we do not by this decision hinder any such investigation. The state was justified in refraining from informing the defendant of its recordings while the investigation and criminal activities of Tolbert were in progress. We must hold, however, that after a court has entered a discovery order, it *1376 must be complied with in some meaningful way. In this case, this would mean that at some point before trial began, Tolbert and his counsel should have been given an opportunity to listen to his recorded conversations, and make a transcription.
While we can easily see the way in which the state used the transcriptions was devastating to the defendant, a disclosure before actual trial began would not have hampered the state.
Following his conviction, Tolbert employed another counsel, who has assigned as error the failure of the state to furnish him with the statements violated the Court's order. Among errors, he also assigns ineffective assistance of trial counsel. We are relieved not to be required to address this particular assignment.
We must hold the able and patient trial judge who heard this case did err in permitting the state to place in evidence before the jury the relevant portions of these incriminating statements in the absence of some meaningful discovery beforehand.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.