491 So.2d 834 (1986)
Gregory Wayne JOHNSON
v.
STATE of Mississippi.
No. 56294.
Supreme Court of Mississippi.
June 30, 1986.
Rehearing Denied August 13, 1986.
Jimmy D. McGuire, Gulfport, James G. Tucker, III, Bay St. Louis, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
Gregory Wayne Johnson was tried in the First Judicial District of Harrison County Circuit Court on charges of attempted kidnapping and aggravated assault. The separate indictments for these two crimes were consolidated for trial. He was found not guilty of attempted kidnapping, guilty of aggravated assault and sentenced to twenty (20) years in the Mississippi Department of Corrections.
On the evening of January 26, 1983, at about 8:00 o'clock Marguerite Carrubba *835 met her brother and sister at Saturday's, a night spot in Gulfport. Around 10:00 o'clock she left the establishment to go to her automobile to obtain some medication she was taking for an infection and to move the car in closer proximity to the entrance of the night spot.
After moving her car, she got out of it with the keys in one hand and the medication bottle in the other. As she turned to close the door she noticed a black male leaning against her car.
According to Ms. Carrubba the man stated, "Get back in the car, we're going for a ride." She responded by telling him she would go nowhere with him. The man then displayed a gun and repeated his demand. After several refusals to get into the car she was pushed into it and a struggle ensued with Ms. Carrubba attempting to kick and push her way out of the car and the defendant attempting to restrain her. Abandoning the physical attacks, the assailant got out of the car, stood by the open door, shot Ms. Carrubba and fled. When she called for help a bystander came to her aid. This bystander had heard loud voices, a scream and a gunshot. He also observed a black male running from the scene toward the south.
Several witnesses testified to portions of the flight and according to them, the assailant ran between buildings along Highway 90, turned southward to the beach and followed it easterly and then turned north to a sea wall. He was also observed running between the Wildfire Lounge and the Hancock Bank on Teagarden Road where he dropped and recovered a handgun. He then crossed Teagarden Road where he entered a silver car parked in front of the Coast Motel. A moment later he was apprehended in this car while driving north on Teagarden Road. Although the witnesses were unable to identify Johnson at the time as the person who assaulted Ms. Carrubba, they did keep him in sight from the time the shot was fired until he was apprehended. Ms. Carrubba later identified Johnson in court as her assailant.
A handgun was recovered by the police at the fence beside the Hancock Bank. Later examination revealed it contained an expended cartridge hull; and a comparison by an expert of a test projectile fired from the revolver with the projectile removed from Ms. Carrubba's body disclosed they were fired from the same weapon at some point in time. An examination of the gun for fingerprints was without success.
A neutron activation analysis test to determine the amounts of barium and antimony on Johnson's hands was performed. Both of these elements are used in ammunition primers and the purpose of the test is to determine whether a suspect has recently fired a weapon. Johnson had three times the normal amount of barium and seven times the normal amount of antimony on the back of his right hand. His left hand had no significant amount of either of the elements.
After his arrest Johnson denied any involvement in the assault of Ms. Carrubba. He stated to the police that he was looking for his girlfriend and had stopped on the corner of Teagarden and Highway 90 to use the telephone.
On his first assignment of error the appellant relies solely on Sanders v. State, 429 So.2d 245 (Miss. 1983), and contends the trial court should have declined to accept the verdict of guilty of aggravated assault and should have entered a judgment of not guilty. He argues the doctrine of collateral estoppel recognized in Sanders is based on the theory that an acquittal at the first trial insulates the defendant from prosecution on a factually similar charge. This overlooks, however, the nature of the doctrine of collateral estoppel which contemplates a prior adjudication of an issue by the trier of fact. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In this case there was no prior adjudication of any issue because the two indictments were consolidated and simultaneously submitted to the jury for its verdict. In our opinion the doctrine of collateral estoppel is simply not applicable when *836 one jury returns two verdicts in a consolidated trial.
We turn next to the question of a discovery violation. In response to Johnson's testimony that he was not the assailant the State presented John C. Dawson, Jr., as a rebuttal witness. Dawson testified he had taped a statement in which Johnson denied any involvement in the crimes and that he prepared a photographic lineup of Johnson and seven other black males for Ms. Carruba's observation. The lineup was composed of mug shots selected from the Gulfport Police Department. These photographs were encased in a two-sided clear plastic holder with four photographs on each side. Displayed in this fashion they were handed to the victim while she was still hospitalized from the assault. Ms. Carrubba observed the front four photographs, said nothing, turned the display over and immediately pointed to Johnson's photograph stating, "That's him."
The appellant objected to the introduction of this photographic lineup on the basis it violated Circuit Court Rule 4.06. Prior to trial the defendant made a "Motion for Production and Inspection" specifically requesting in writing, "... any and all physical and tangible objects, including to but not limited to photographs, negatives of photographs or copies of said photographs taken as a result of this alleged crime; ..." The trial court was of the opinion the photographs were admissible as rebuttal testimony and as such were not subject to Circuit Court Rule 4.06, whereupon they were admitted into evidence. The defendant responded by moving for a continuance and a mistrial, both of which were denied.
The trial court required the State to produce the original photographs for the defendant's study and time was afforded for this purpose. The court ultimately held the State's failure to timely produce the photographs barred their introduction during the State's case in chief, but that it was permissible to offer such evidence in rebuttal. He relied upon Fells v. State, 345 So.2d 618 (Miss. 1977), wherein we stated,
We are of the opinion, and now hold, that the principal witness to a crime may testify concerning an out-of-court identification whether it occurs in a police lineup, a personal confrontation or otherwise because the initial identification being nearest in time to the event has, in our opinion, the greater likelihood of accuracy and truthfulness being undimmed by fading memory and intervening events occasioned by the passage of time. It is not intended that the foregoing be construed to eliminate a corroborating in-court identification.
We further hold that if the principal witness' identification is impeached, then independent evidence of the identification may be introduced through third persons present at the out-of-court identification. We are persuaded to this view because such evidence not only has greater probative force and thus preserves the better evidence, but also because the witness testifying is in court and subject to cross-examination. (Cites omitted.) 345 So.2d at 622.
As must be observed, however, there was no question concerning disclosure or discovery under Circuit Court Rule 4.06 because Fells pre-existed such.
Pursuant to our present rules the photographs could not have been introduced into evidence during the State's case in chief because they were not disclosed to the defendant. The issue remains whether the photographs were admissible in rebuttal when the State's prime witness was impeached by contradictory testimony of the defendant.
We are of the opinion the photographic lineup was discoverable. We also think the State's attorney had to know or should have realized the great probability the identity of the defendant would be put into issue when he pled not guilty, thereby placing some importance upon the photographs because they were the source of the victim's first identification of the defendant. In Tolbert v. State, 441 So.2d 1374 (Miss. *837 1983), the court addressed the narrow question of whether the fact that statements made by the defendant in a criminal case were reserved for rebuttal removed them from the scope of a discovery order. We held,
Under our holding in Jackson v. State, 426 So.2d 405 (Miss. 1983); and Morris v. State, 436 So.2d 1381 (Miss. 1983), there is no distinction in an incriminating statement being offered by the state's case in chief, or reserving it for rebuttal, the accused is nevertheless entitled to discovery so as not to be caught by surprise at trial... .
441 So.2d at 1375.
We went on to hold that after a court has entered a discovery order it must be complied with in some meaningful way. We are therefore required to reverse and remand this case for a new trial because of non-compliance with Circuit Court Rule 4.06.
Because of the appalling number of cases recently reversed for non-compliance with the above rule, we repeat that which is stated in Hentz v. State, 489 So.2d 1386 (Miss. 1983),
The Court now declares that as a matter of good practice and sound judgment in the trial of criminal cases, prosecuting attorneys should make available to attorneys for defendants all such material in their files and let the defense attorneys determine whether or not the material is useful in the defense of the case. We direct the attention of trial judges to this problem and suggest that they diligently implement this suggestion in order to dispense with costly errors, which might cause reversal of the case. Barnes v. State, 460 So.2d 126 (Miss. 1984); Harris v. State, 446 So.2d 585 (Miss. 1984); Morris v. State, 436 So.2d 1381 (Miss. 1983).
We have examined the other assignments of error and find them without merit.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
WALKER, P.J., not participating.