734 So.2d 247 (1999)
Henry COLLINS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01184 COA.
Court of Appeals of Mississippi.
February 9, 1999.
*248 Jim Waide, Tupelo, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris Jr., Attorney for Appellee.
BEFORE BRIDGES, C.J., PAYNE, and SOUTHWICK, JJ.
BRIDGES, C.J., for the Court:
¶ 1. Henry Collins was convicted of possession of marijuana in the Circuit Court of Clay County on July 24, 1997. He appeals, asserting that the trial court: 1) should not have allowed the State to "impeach" his credibility by producing evidence that he had been charged with simple assault in 1988, 2) should have allowed him to impeach Eugene Circus's credibility by introducing evidence of a prior conviction for possessing cocaine, 3) and should have declared a mistrial because of the Clay County Sheriffs contact with a juror.

FACTS
¶ 2. On December 1, 1996, at around midnight, Collins was driving home alone in his car after drinking beer with a friend after work. A sheriffs deputy, Jennings, observed the car swerving, so he made a traffic stop and saw Collins holding a can of beer between his legs. No charges arose from Collins's alcohol consumption because Collins was not intoxicated and there was no prohibition on open containers in vehicles at the time of Collins's arrest.
¶ 3. However, Jennings smelled the scent of un-smoked marijuana as he approached the car. He searched the car and found two bags of marijuana as well as a separate small package of processed marijuana and cigarette papers. At trial, Collins's defense was that the marijuana was not his, and it had either been "planted" by Jennings or had been placed in his car by a disgruntled employee who worked at a car wash he owned.
¶ 4. Collins testified, and his attorney asked him, "Other than traffic offenses, like speeding or a traffic offense, have you ever been charged with any other crime?" Collins answered, "No, Sir." During cross-examination, Collins was impeached concerning *249 his claim never to have been charged with an offense. This impeachment concerned questioning about two separate instances: one a domestic dispute that did not result in any charges, and a 1988 simple assault charge that was filed by a female acquaintance but never prosecuted. During Collins's cross-examination, Collins's attorney did not raise any objections. However, after the brief testimony of the following witness, Collins's counsel moved for the court to exclude and direct the jury to disregard the testimony concerning the simple assault charge. He stated, "As it turned out there is no conviction on this. It was merely a charge. It has no probative value. In fact, anybody can go down and sign an affidavit. That doesn't mean he was charged." Counsel also stated, "I was assuming there was a conviction. I didn't know about it until counsel asked the question." The trial court refused to exclude the testimony.
¶ 5. During argument over Collins's motion for a new trial, Collins argued that in discovery the State should have given him the police records that the State utilized to base its impeaching questions. The State did not argue that Collins failed to utilize discovery, nor is there any contention that any actual convictions were discoverable because Uniform Circuit and County Court Rule 9.04(A)(3) clearly requires the State disclose a "[c]opy of the criminal record of the defendant, if proposed to be used to impeach." Rather, the State's position at trial was that Rule 9.04 did not require it to disclose law enforcement records pertaining to charges that did not result in convictions. In the order denying the motion for a new trial, the trial court entered a finding to that effect.

ISSUE ONE: IMPEACHMENT OF COLLINS AND DISCOVERY
¶ 6. Under the Mississippi Rules of Evidence, when a defendant "opens the door" by testifying on direct examination that he is "pure as the driven snow," it is permissible for the State to impeach him by inquiring into past arrests as well as other bad acts which go to the veracity of the defendant's direct testimony. Quinn v. State, 479 So.2d 706, 708 (Miss.1985). See also, Spraggins v. State, 606 So.2d 592, 596 (Miss.1992); Stewart v. State, 596 So.2d 851, 853-54 (Miss.1992). As such, when Collins testified he had never been charged with a crime, he opened the door for the state to test his credibility on this issue. Moreover, Collins failed to raise a timely objection based upon improper impeachment. Trial courts should not be found in error when the failure to object prevents them from contemporaneously addressing this issue. Nathan v. State, 552 So.2d 99, 108 (Miss.1989). Therefore, not only did the trial court correctly allow the State to test Collins's veracity concerning his direct testimony that he had never been charged with a crime, but Collins's failure to object when the State conducted the cross-examination waived the issue.
¶ 7. In addition to the impeachment issue, Collins also contends the State should have been prohibited from questioning him about previous charges because records of the charges were not provided to him during discovery. The supreme court has addressed issues of discovery or impeachment or rebuttal evidence in a variety of criminal cases. One recent case is Nicholson v. State, 704 So.2d 81 (Miss.1997). Nicholson held that the Uniform Rules of Circuit Court required the State to reveal the names of rebuttal witnesses. Id. at 88-89. Additional cases also holding that rebuttal evidence must be revealed in discovery include: Cooley v. State, 495 So.2d 1362, 1365-66 (Miss.1986)(misdemeanor convictions); Johnson v. State, 491 So.2d 834, 836 (Miss.1986)(photographic display); Tolbert v. State, 441 So.2d 1374 (Miss.1983) (defendant's statements); Morris v. State, 436 So.2d 1381, 1385 (Miss.1983)(defendant's statement); Jackson v. State, 426 So.2d 405, 407 (Miss.1983)(defendant's statement). In sum, the weight of authority construes the discovery requirements expansively.
*250 ¶ 8. When a party seeks to raise the issue of a discovery violation, however, they must raise an objection contemporaneously. Box v. State, 437 So.2d 19, 23 (Miss.1983)(Robertson, J. concurring). Unless the objection is raised contemporaneously so as to allow the trial court to consider the issue and possible remedies, the issue is waived. De La Beckwith v. State, 707 So.2d 547, 574 (Miss.1997); Nathan v. State, 552 So.2d 99, 108 (Miss. 1990). In this case, Collins did not argue that he had been denied discoverable material until his motion for a new trial or judgment notwithstanding the verdict. At that point, the jury not only had heard the evidence but it had returned a verdict. Through his failure to raise any objection in a timely manner to the State's cross-examination and impeachment of him, and his failure to state a discovery violation until after the trial's conclusion, Collins waived any issue he may have had going to whether the State should have disclosed records of previous charges brought against him.

ISSUE TWO: IMPEACHMENT OF CIRCUS
¶ 9. Collins's defense was partially based upon his contention that Eugene Circus may have left the marijuana in his car. Circus worked at a car wash that Collins owned, and he sometimes used Collins's car. Collins's attorney sought to question first Collins and then Circus concerning Circus's prior conviction of possession of cocaine with intent to distribute. The trial court apparently found that evidence of the prior conviction was relevant; however, the court then went on to rule that under M.R.E. 403 that any probative value the prior conviction had was outweighed by the likelihood that it would prejudice the jury. Although the record does not disclose exactly why the trial court determined that Circus's prior conviction was relevant to issues in this case, M.R.E. 404 provides that evidence of a prior conviction or other bad act may be probative of knowledge or intent, even though a prior conviction is not admissible to show a person committed the offense again. See Jenkins v. State, 507 So.2d 89, 93(Miss.1987)(modified by Heidel v. State, 587 So.2d 835, 844 (Miss.1991)).
¶ 10. Upon appeal, Collins concedes that the trial court was correct in its ruling that he should not have testified about Circus's convictions, but he argues the trial court erred in not allowing him to question Circus about the conviction. In his brief, Collins does not take issue with the trial court's determination under M.R.E. 403 that the potential for prejudice of Circus's prior conviction outweighed any probative value it carried. Rather, Collins asserts that he should have been allowed to impeach Circus by questioning him about the prior conviction.
¶ 11. Circus was called as a witness for the defense, and during direct examination by Collins's attorney the following exchange took place:
Q: Uh, do you ever use any drugs?
By Mr. Rogillio: Your Honor, I object to this question as lack of foundation and irrelevant.
By the Court: All right. Overruled.
Q: Have you ever used any drugs?
A: Yes sir.
Q: What kind of drugs have you used?
A: I've smoked a joint.
Q: All right. Well, you've been in possession of a lot of different drugs, haven't you?
By Mr. Rogillio: Your Honor, I am going to object to the leading and to the lack of foundation and also, your Honor, may we approach?
By the Court: All right. You understand my ruling [excluding evidence of the conviction for possession of cocaine] that I made in regard -
By Mr. Rogillio: He is asking about that, Judge.
By Mr. Waide: It may be an impeachment issue now your Honor.

*251 By the Court: No, my ruling is the same. Don't violate my ruling. Objection sustained. Let's move on. He said he used drugs and he used marijuana.
¶ 12. Upon appeal Collins asserts he should have been able to question Circus about the conviction for possession of cocaine with intent to distribute for the purpose of impeaching Circus's testimony. This attempt to characterize the issue as one of impeachment misstates the issue. The trial court ruled under M.R.E. 403 that questions going to Circus's possession of cocaine were improper because evidence of Circus's conviction of possession of cocaine, although relevant, was inadmissable because of its potential for prejudicing the jury. However, Collins's attorney was permitted, apparently pursuant to M.R.E. 404, to elicit Circus's statement that he had used marijuana. As such, the jury did hear evidence of Circus's bad act of using the drug in question to possibly show his motive for placing marijuana in Collins's car. Nevertheless, Collins's attorney still sought to question Circus on the possession of cocaine issue, even though he was aware of the trial court's prior ruling. This attempt to get at the excluded evidence does not make this issue of admissibility into an impeachment issue because the questioning as to possession of cocaine was improper under the trial court's ruling.
¶ 13. Rather than being an impeachment issue, the issue Collins truly asserts is whether the trial court erred in denying Collins the use of the possession of cocaine conviction. That is to say, did the trial court err in ruling that the probative value of Circus's prior possession of cocaine with intent to distribute was outweighed by its potential for prejudice? The supreme court has consistently held that the trial court under M.R.E. 403 must be given discretion because balancing the probative value versus the potential for prejudice of evidence is not subject to exact analyses. Brent v. State, 632 So.2d 936, 944 (1994); Johnston v. State, 567 So.2d 237, 238 (Miss.1990); Hentz v. State, 542 So.2d 914, 917 (Miss.1989); Ivy v. State, 522 So.2d 740, 742 (Miss.1988). In this case, Collins sought to put the culpability for the marijuana on Circus. Given the toll that cocaine has taken upon society, it is possible that the jury might have been prejudiced to blame a great many crimes upon anyone who profited from this drug. Consequently, it cannot be said that the trial court abused its discretion in excluding evidence of Circus's conviction for possession of cocaine.

3. Mistrial
¶ 14. On the trial's second morning, Collins's attorney observed the sheriff of Clay County speaking with one of the jurors. Collins requested a mistrial or in the alternative that the juror be removed. The trial court then questioned and allowed both counsels to question the sheriff and the juror under oath. The sheriff stated he had briefly spoken with the juror and asked whether he was enjoying a new home he had recently built, but that no discussion about the pending case took place. The juror confirmed that he had not spoken with the sheriff, or anyone else, concerning the pending case.
¶ 15. Motions for a mistrial are subject to the discretion of the trial court. Brent v. State, 632 So.2d 936, 941 (Miss. 1994). A trial court does not abuse its discretion in denying a motion for a mistrial solely based upon law enforcement personnel exchanging social greetings with a juror, unless the record discloses either that the actual case at trial was discussed or other facts that could support a finding of possible undue influence. Estes v. State, 533 So.2d 437, 440 (Miss.1988)(citing Koch v. State, 506 So.2d 269, 273 (Miss. 1987)). Nothing in the record discloses that the sheriff's comments could have prejudiced Collins. Accordingly, this issue is without merit.
THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA *252 GREATER THAN AN OUNCE BUT LESS THAN A KILOGRAM AND SENTENCE OF THREE YEARS WITH TWO YEARS SUSPENDED AND ONE YEAR TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.