¶ 1. James Brown was convicted by a jury in the Circuit Court of Attala County of aggravated assault for his attempt to injure his former girlfriend, Sylvia Snow, by firing a handgun in her direction. He has appealed that conviction to this Court claiming that the State's evidence was insufficient, as a matter of law, to support the conviction. Alternatively, Brown claims that the verdict of guilty was against the weight of the evidence. We find no merit in these issues and affirm the conviction.
I. Facts
¶ 2. The State's version of events was related by two eyewitnesses to the incident: Adolph Carter and the alleged victim, Sylvia Snow. According to these witnesses, Brown came to Carter's residence in Attala County asking to speak to Snow, who had, subsequent to her break-up with Brown, formed a romantic relationship with Carter. Though Snow was at the residence at the time, Brown was turned away by Carter, who informed Brown that Snow had no desire to converse with him. Shortly thereafter, Carter and Snow departed the residence in Snow's vehicle. Snow was driving. As the vehicle was leaving the subdivision, Brown entered in his own vehicle and rammed into Snow's vehicle, causing both cars to stop in the roadway. Brown exited his car, armed with a pistol. Carter did the same, armed with a handgun that belonged to Snow. After a brief verbal exchange, Brown and Carter both re-entered their vehicles. However, as Snow proceeded past Brown's vehicle, Brown fired two shots, both of which struck Snow's vehicle on the driver's side. One of the bullets shattered the driver's side window and a bullet fragment lodged in the vehicle's dashboard. Neither Snow nor Carter were struck by either bullet.
¶ 3. Brown testified in his own defense and related a version of events that, in its early stages, was not substantially at odds with the State's version until the time both antagonists re-entered their vehicles. At that point, Brown claimed that Carter continued to brandish his weapon towards him in a menacing way and that Snow and *Page 209 
Carter both leaned forward in the vehicle, causing him to fear that they were clearing the way for Carter to fire his weapon at Brown. Brown claimed that only then did he fire his weapon one time in the general direction of the other vehicle solely in self defense in an effort to divert Carter's preparations to shoot. When confronted on cross-examination with the fact that the evidence was conclusive that Snow's car had been struck by two bullets, Brown was unable to offer any explanation for that fact.
II. The Sufficiency of the Evidence
¶ 4. The crime of aggravated assault is complete when a person wilfully attempts to cause bodily injury to another with a deadly weapon. Miss. Code Ann. § 97-3-7(2) (Supp. 1999). When this Court is called upon to review the sufficiency of the evidence, we are obligated to view the evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). Only if we are satisfied that, viewing all the evidence in that light, no reasonable juror could conclude that all of the elements of the crime had been proven beyond a reasonable doubt may we intercede and set aside the verdict. Id. We must also be mindful, in our review of the evidence, that it is the jury's duty, and not the trial court's or this Court's, to weigh the credibility of the witnesses and resolve disputed issues of material fact on that basis. Id.
¶ 5. In this case, two eyewitnesses related events that show that Brown, at a time when he was not threatened with any imminent physical harm, purposely discharged a firearm in the direction of Sylvia Snow and that the bullets discharged from the weapon, in fact, came dangerously close to striking her. Brown's competing version of events, i.e., that he purposely avoided any attempt to injure Snow and was firing in self-defense merely to distract Carter in his preparations to fire his own weapon at Brown offered a classic conflict in the evidence that the jury resolved against Brown, as witnessed by its verdict. The State's witnesses were not substantially impeached or contradicted to the point that their testimony had no probative value, and there is no basis to find the State's evidence insufficient as to any essential element of the crime. Thus, we find this issue to be without merit.
III. The Weight of the Evidence
¶ 6. Even in those instances where, from a purely analytical standpoint, there is sufficient evidence to convict, the defendant may yet seek a new trial by contending that the verdict was against the weight of the credible evidence. Lee v. State,469 So.2d 1225, 1230 (Miss. 1985). The granting of a new trial in these circumstances is said to be a means of preventing a substantial miscarriage of justice in those instances where it appears that the jury may have acted arbitrarily, capriciously, or out of bias, passion or prejudice. Ainsworth v. State, 304 So.2d 656, 657 (Miss. 1974).
¶ 7. In this case, the jury was asked to resolve two competing versions of events related by the witnesses. Neither version was altogether improbable or unlikely or substantially contradicted by other irrefutable evidence. The only real issue for the jury to resolve was the question of the credibility of the witnesses offering the competing versions. We find nothing remarkable in the fact that the jury, in the exercise of the discretion granted it in such matters, chose to believe the version of events related by Carter and Snow. We do not consider Brown's own self-serving version of events to be so compelling as to outweigh, as a matter of law, the evidence offered by the State's witnesses. For that reason we find this second issue likewise to be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY *Page 210 OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SEVEN YEARS INTHE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS ISAFFIRMED. THE SENTENCE IMPOSED SHALL RUN CONSECUTIVELY TO ANYSENTENCE PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE ASSESSEDTO ATTALA COUNTY.
KING AND SOUTHWICK, P. JJ., BRIDGES, IRVING, LEE, MOORE,PAYNE, AND THOMAS, JJ., CONCUR.