892 So.2d 830 (2004)
David HARRIS, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01412-COA.
Court of Appeals of Mississippi.
October 12, 2004.
Rehearing Denied February 1, 2005.
*831 Michael Lee Dulaney, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. On June 9, 2003, David Harris, Jr. was found guilty of aggravated assault before the Circuit Court of Itawamba County and received a ten year sentence with ten years suspended and five years supervised probation. David timely filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Said motion having been denied, David raises the following issues on appeal:
I. WHETHER THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. WHETHER THE APPELLANT WAS IMPROPERLY IMPEACHED WITH EXTRINSIC EVIDENCE AT TRIAL.
III. WHETHER THE TRIAL COURT ERRED IN REFUSING A JURY INSTRUCTION FOR SIMPLE ASSAULT.
IV. WHETHER THE STATE FAILED TO PROVE EACH ELEMENT *832 OF THE CRIME BEYOND A REASONABLE DOUBT.
V. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. On June 9, 2003, David Harris, Jr. was tried for the aggravated assault of his brother, Adam Bradley Harris, before the Circuit Court of Itawamba County. The altercation, which took place at Adam's residence on July 28, 2001, was quite brutal. Adam received stitches and staples to his face and head and multiple surgeries were required for his left foot. Adam's head injuries were inflicted by David through the use of a pistol as a blunt object and also by using a coping saw to cut and stab the victim. Adam's foot was also trampled by David, causing a severe fracture which made necessary multiple surgeries and requires the use of walking aids for life.
¶ 3. The dispute arose from a disagreement regarding how quickly Adam was moving from the house in which he was living, a house located across the street from David. David wanted Adam out of the house as quickly as possible so that his ex-wife could move in. Her moving in across the street was to allow for easier child care. Although there were competing theories as to the exact catalyst for the tussle, the dispute arose to some extent regarding Adam's vacating the house.

LEGAL ANALYSIS

I. WHETHER THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 4. David asserts that the circuit court erred in denying his motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. It is David's contention that the State did not prove beyond a reasonable doubt, all necessary elements of aggravated assault as defined by Mississippi Code Annotated § 97-3-7(2) (Rev.2000). Section 97-3-7(2) defines aggravated assault as follows:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]
The State argues that each element of the crime charged was supported by credible, substantial evidence.

STANDARD OF REVIEW
¶ 5. We apply different standards in reviewing motions for JNOV and for a new trial.
The standard of review applied to motions for directed verdict or JNOV is as follows:
Requests for a directed verdict and motions JNOV implicate the sufficiency of the evidence. We must, with respect to each element of the offense, consider all of the evidence  not just the evidence which supports the case for the prosecution  in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements *833 of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Ferguson v. State, 856 So.2d 334, 340-41(¶ 22) (Miss.Ct.App.2003) (citing Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998)) (overruled on other grounds by Miss. Transp. Comm'n v. McLemore, 863 So.2d 31 (Miss.2003)).
¶ 6. It is well-settled law in Mississippi that in order to make a determination that the jury's verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse that verdict only when it is determined that the circuit court has abused its discretion in failing to grant a new trial. Dudley v. State, 719 So.2d 180, 182(¶ 8) (Miss.1998) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper. Id. (citing May v. State, 460 So.2d 778, 781-82 (Miss.1984)).
¶ 7. Thus, the standard of review for the grant or denial of a JNOV is whether "sufficient evidence existed to warrant the verdict and whether fair-minded jurors could have arrived at the same verdict," and the standard for the grant or denial of a new trial is whether the verdict was "so contrary to the overwhelming weight of the evidence" that not overturning the verdict would be an "unconscionable injustice." Eichelberger v. State, 816 So.2d 466, 467 (¶¶ 3-4) (Miss.Ct.App.2002).

DISCUSSION
¶ 8. At trial, there were two competing theories as to whether Adam or David was the initial aggressor in the altercation. Adam insisted that David was the aggressor. Adam's contention was that David became enraged over the speed in which he was moving out of the house. David, Bonnie Harris, and Helen Harris each contend that Adam triggered the fight by placing a pistol to David's head over a dispute stemming from a water bill, and thus, David acted in self-defense. Under both theories, Adam was struck in the head with a pistol, causing severe loss of blood and requiring immediate medical treatment. The difference between the two theories is the state of mind of David and it is the role of the jury to determine which theory is most accurate.
¶ 9. It is established in Mississippi that matters regarding the weight and credibility accorded the evidence are to be resolved by the jury. Harvey v. State, 875 So.2d 1133, 1136(¶ 18) (Miss.Ct.App.2004) (citing Deloach v. State, 811 So.2d 454(¶ 9) (Miss.Ct.App.2001)). It is the role of the jury to determine the credibility of the witnesses and the weight given their testimony. Burge v. Spiers, 856 So.2d 577, 580(¶ 9) (Miss.Ct.App.2003). The jury is to determine which recollection is to be believed. The jury returned a verdict which was sufficiently supported by the evidence and fair-minded jurors could have arrived at the same verdict. The jury chose to believe the testimony of Adam, which possessed the necessary elements of aggravated assault as defined by Miss Code Ann. § 97-3-7 (Rev.2000). Therefore, we affirm.

II. WHETHER THE APPELLANT WAS IMPROPERLY IMPEACHED WITH EXTRINSIC EVIDENCE AT TRIAL.
¶ 10. David argues that the prosecution engaged in an improper line of questioning in his cross-examination. The questions alluded to involve David's plea of guilty to marijuana possession twenty three years prior. The State argues that this line of questioning was proper, as *834 David had "opened the door" by discussing the faults of Adam.

STANDARD OF REVIEW
¶ 11. Mississippi has long held that the standard of review for either the admission or exclusion of evidence is abuse of discretion. Whitten v. Cox, 799 So.2d 1, 13(¶ 27) (Miss.2000). Such admission or exclusion will not warrant reversal unless the error adversely affects a substantial right of a party. Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999).

DISCUSSION
¶ 12. At trial, David discussed Adam's shortcomings with the law. He discussed Adam's recent arrest for possession of marijuana and his illegal possession of firearms as a convicted felon. During his testimony, David did not refer to any of his prior trouble with law enforcement. We have previously established "[u]nder the Mississippi Rules of Evidence, when a defendant `opens the door' by testifying on direct examination that he is `pure as the driven snow,' it is permissible for the State to impeach him by inquiring into past arrests as well as other bad acts which go to the veracity of the defendant's direct testimony." Collins v. State, 734 So.2d 247, 249(¶ 6) (Miss.Ct.App.1999) (citing Quinn v. State, 479 So.2d 706, 708 (Miss.1985)). "The new-found relevance of this evidence is that it serves to impeach the witness's credibility by demonstrating his untruthfulness on one point while on the stand, which can then impeach his credibility as to other matters under the doctrine of falsus in uno, falsus in omnibus  a different proposition from the theory supporting Rule 609, which is that the previous criminal activity itself suggests the untrustworthiness of the sworn word of the witness." Sanders v. State, 755 So.2d 1256, 1258(¶ 7) (Miss.Ct.App.2000).
¶ 13. David "opened the door" regarding his credibility in his direct examination, hence, the line of questioning presented by the State was proper. In addition, there was no objection to the State's questioning which failed to preserve this matter for appeal. Therefore, this issue is without merit.

III. WHETHER THE TRIAL COURT ERRED IN REFUSING A JURY INSTRUCTION FOR SIMPLE ASSAULT.

STANDARD OF REVIEW
¶ 14. The Mississippi Supreme Court has held that for appropriate review of jury instructions, the appellate court must read the jury instructions as a whole and make a determination of whether or not the law is fairly and adequately represented. The Court stated "[i]n determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Coleman v. State, 697 So.2d 777, 782 (Miss.1997) (citing Collins v. State, 691 So.2d 918 (Miss.1997)).

DISCUSSION
¶ 15. The rule in which the accused is entitled to have the jury instructed as to a lesser offense is well settled. The Mississippi Supreme Court has held:
[A] lesser included offense instruction should be granted unless the trial judge  and ultimately this Court  can say, taking the evidence in the light most favorable to the accused, and considering all reasonable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser included offense (and conversely *835 not guilty of at least one essential element of the principal charge).
Harper v. State, 478 So.2d 1017, 1021 (Miss.1985).
¶ 16. David offered jury instruction D-2[1] on the lesser-included offense of simple assault, as presented by Mississippi Code Annotated § 97-3-7 (Rev.2000). This instruction was denied and David argues that ample evidence was presented which would support a finding of simple assault. Mississippi Code Annotated § 97-3-7 (Rev.2000), in pertinent part, reads as follows:
(1) A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another;....
(2) A person is guilty of aggravated assault if he ... (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm;....
¶ 17. The difference between simple assault and aggravated assault lies in the statutory language "with a deadly weapon." As the Mississippi Supreme Court has held, "[t]his suggests a statutory scheme where conduct which is simple assault under Section 97-3-7(1)(a) becomes aggravated assault under Section 97-3-7(2)(b) when done `with a deadly weapon'." Hutchinson v. State, 594 So.2d 17, 19 (Miss.1992).
¶ 18. There is no question that David did in fact inflict the injuries to Adam with a deadly weapon. It was uncontested that Adam's injuries were inflicted by David striking him with a pistol. The Mississippi Supreme Court has previously held that the use of .357 Magnum as a blunt instrument was sufficient to support an aggravated assault charge since the use of the gun as a blunt instrument could have been found by the jury to constitute use of a weapon which could cause bodily injury to another within the meaning of Section 97-3-7. Griffin v. State, 540 So.2d 17, 19 (Miss.1989).
¶ 19. David's contention is that he acted in self-defense and an instruction pertaining to self-defense was given. No instruction for simple assault was required. Therefore, this issue is without merit.

IV. WHETHER THE STATE FAILED TO PROVE EACH ELEMENT OF THE CRIME BEYOND A REASONABLE DOUBT.
¶ 20. David next contends that the State failed to prove each element of the crime beyond a reasonable doubt, namely "an `attempt' to cause serious bodily injury," *836 as stated in Mississippi Code Annotated § 97-3-7(2) (Rev.2000).

STANDARD OF REVIEW
¶ 21. When this Court reviews the sufficiency of the evidence presented at trial, we must view that evidence in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Only if after reviewing the evidence in that light we conclude that no reasonable juror could conclude that all of the elements of the crime had been proven do we set aside the verdict. Id. It is the jury's role to determine the credibility of the witnesses and to weigh the testimony. Determining credibility is not the role of the trial court nor this Court. Id.

DISCUSSION
¶ 22. In the case sub judice, Adam has testified that he was struck with a pistol as a blunt object in the head, stabbed and scratched with a coping saw, and had his foot trampled by David. As stated previously, it was David's contention that he was acting in self-defense. The jury determined that Adam's testimony was more credible and found David guilty of aggravated assault. David contends that the State did not specifically prove the "attempt" element of aggravated assault. This Court has previously held that "[t]he crime of aggravated assault is complete when a person willfully attempts to cause bodily injury to another with a deadly weapon." Brown v. State, 763 So.2d 207, 209(¶ 4) (Miss.Ct.App.2000). Since injuries having been proved and the jury construed the evidence against David, we do not find the State's evidence to be lacking as to any essential element of the crime. Therefore, we find this issue to be without merit.

V. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

STANDARD OF REVIEW
¶ 23. The standard of review for a claim of ineffective assistance of counsel follows a two-part test, as originally established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): "the defendant must prove, under the totality of the circumstances, that (1) his attorney's performance was deficient and (2) the deficiency deprived the defendant of a fair trial." Woodson v. State, 845 So.2d 740, 742(¶ 8) (Miss.Ct.App.2003) (citing Hiter v. State, 660 So.2d 961, 965 (Miss.1995)). The defendant "must show that there is a reasonable probability that, but for his attorney's errors, he would have received a different result in the trial court." Woodson, 845 So.2d at 742(¶ 9). Our review is "highly deferential to the attorney, with a strong presumption that the attorney's conduct fell within the wide range of professional assistance." Id. at (¶ 8).

DISCUSSION
¶ 24. David argues that his counsel was ineffective allegedly due to her failure to interview a list of potential defense witnesses which David provided and failing to gather a copy of Adam's criminal record in order to impeach his testimony at trial. David also argues that his counsel was ineffective for failing to submit a jury instruction which properly stated the law as to the defense's theory of the case, namely simple assault. The State argues that there is no indication other than David's allegations that counsel's performance fell below the standards outlined in Strickland, 466 U.S. at 687, 104 S.Ct. 2052, as adopted in this state in Stringer v. State, 454 So.2d 468, 477 (Miss.1984).
*837 ¶ 25. In order to succeed in his claim for ineffective assistance of counsel, David must first show that his counsel's performance was deficient. The record does not so indicate. Rather, the record indicates that David's counsel conducted a motion to suppress evidence, filed a judgment notwithstanding the verdict (JNOV), a motion for a new trial, participated in discovery, and made objections at trial. David contends that by failing to interview witnesses which he felt would be useful at trial and by failing to retrieve Adam's criminal record, counsel's performance fell below the standard set forth in the first prong of Strickland. As the Mississippi Supreme Court has previously held, "trial counsel did bring forward witnesses ... and that his decision not to call Dr. Goff to testify was a matter of trial strategy where he states in his affidavit that he felt the State would have called Dr. Goff in for a damaging rebuttal." Snow v. State, 875 So.2d 188, 192(¶ 9) (Miss.2004). We find that David's counsel's actions to be that of trial strategy. David therefore fails to meet the first prong of the two prong test of Strickland. In finding that the first prong is not met, a discussion of the second prong is not warranted. As a result, we find this issue has no merit.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE YEARS OF SUPERVISED PROBATION, PAY FINE OF $1,223.50 AND RESTITUTION OF $6,875.14 IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.
NOTES
[1] Jury Instruction D2

If you find that the State has failed to prove any one or more of the essential elements of the crime charged in Count I being the crime of Aggravated Assault you must find the defendant not guilty of the charge. You will then proceed with your deliberations to decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser crime of Simple Assault.
The lesser included crime contains the same elements as the crime charged, with the exception of the element of the use of a deadly weapon in an assault.
If you find from all of the evidence in this case beyond a reasonable doubt that David Harris, Jr., did purposely, knowingly and unlawfully strike Adam Harris with any object other than a deadly weapon and without provocation then you will find the defendant guilty of the lesser included crime of Simple Assault.
If you find beyond a reasonable doubt from the evidence in this case that the defendant is guilty of the crime charged or a lesser crime as defined, but you have a reasonable doubt as to the crime of which the defendant is guilty, you must resolve the doubt in favor of the defendant and find him guilty of the lesser crime.