BARNES, J.,
for the Court.
¶ 1. Jessie James McGee pleaded guilty in the Circuit Court of Copiah County to the sale of crack cocaine and was sentenced to ten years in the custody of the Mississippi Department of Corrections. Nearly a year later, McGee filed a motion to reconsider his sentence, which was summarily denied. McGee raises three issues in his pro se appeal that we combine as one: whether the trial court’s judgment to deny McGee’s motion for reconsideration of his sentence because he was a first-time offender amounted to an abuse of discretion. Finding no error, we affirm.
*955 SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶2. A Copiah County grand jury returned an indictment against McGee on February 2, 2005, for the sale of crack cocaine to Ronald Rhodes in violation of Mississippi Code Annotated section 41-29-139 (Rev.2001). Because the sale took place within 1,500 feet of the Jerusalem Missionary Baptist Church, McGee was subjected to enhanced punishment under Mississippi Code Annotated section 41-29-142 (Rev.2001).
¶ 3. In exchange for dismissing one possession of crack cocaine charge and another sale of crack cocaine charge, McGee agreed to enter a plea of guilty to the sale of crack cocaine and filed a petition to do so on March 14, 2005. During the plea colloquy on April 4, 2005, McGee admitted to the court that he had been selling crack cocaine for “about three or four years” and that he knew the destructive effects of the drug because he used it himself and had a drug problem. The court accepted his plea of guilt and sentenced McGee to ten years in the custody of the Mississippi Department of Corrections. The court also ordered that he receive intense alcohol and drug treatment while incarcerated. The sentencing order was filed on April 4, 2005, during the March 2005 term of court. At the time of his sentencing, McGee was sixty-two years old and had no prior convictions. McGee took no appeal from his sentence.
¶ 4. On March 6, 2006, McGee filed a pro se motion for reconsideration of his sentence in the Copiah County Circuit Court, asking the trial court to suspend his sentence and place him on probation because he was a first-time offender. In the alternative, McGee claimed that the court should place him in a rehabilitation program as provided by Mississippi Code Annotated section 41-29-150 (Rev.2005).
¶ 5. On March 7, 2006, the trial court denied McGee’s motion for reconsideration of his sentence. The court noted that the motion was filed with the clerk on March 6, 2006, to reconsider the sentencing order of April 4, 2005. The trial court ruled that because the sentencing order was signed by the court on April 4, 2005, during the court’s March 2005 term of court, and because McGee had begun serving his sentence and the term of court during which the order was entered closed, the court was without jurisdiction to hear the motion pursuant to Mississippi Code Annotated section 47-7-33 (Rev.2004). McGee took no appeal from this ruling.
¶ 6. On November 16, 2006, McGee filed another pro se motion for resentencing, again asking the court to suspend his sentence because he was a first-time offender. On November 17, 2006, the court denied McGee’s motion, which raised the same arguments and cited the same authority as before. It is from this order that McGee now appeals.
¶ 7. We note that McGee never called his motion for resentencing a motion for post-conviction relief, and the trial court did not treat McGee’s filings as a motion for post-conviction relief. The first time that McGee designates his action as one for post-conviction relief is when he filed this appeal.
ANALYSIS
Whether the trial court abused its discretion in denying McGee’s motion for reconsideration of his sentence because he was a first-time offender.
¶ 8. Before addressing the issue which McGee raises on appeal, we must consider the State’s contention that this appeal should be dismissed as an attempt to ap *956 peal an unappealable order. The State says there are two primary ways a criminal defendant can challenge a trial court proceeding: (1) by a direct appeal from a conviction or (2) by proceeding under the Mississippi Uniform Post^Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to 99-39-29 (Rev. 2007). The State contends that an “attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.” Swift v. State, 952 So.2d 1039, 1040(¶ 4) (Miss.Ct.App.2007) (quoting Pipkin v. State, 292 So.2d 181, 182 (Miss.1974)). The State argues that McGee’s appeal is not properly before this Court because McGee was not directly appealing his conviction, nor was he proceeding under the PosU-Conviction Act in his filings in the trial court.
¶ 9. However, this Court does have jurisdiction to consider an appeal challenging the length of a sentence, even when a defendant enters a plea of guilty. Lett v. State, 965 So.2d 1066, 1070(¶ 7) (Miss.2007) (citing Johnson v. State, 925 So.2d 86, 88 n. 1 (Miss.2006)); Edge v. State, 945 So.2d 1004, 1006-07(¶ 12) (Miss. Ct.App.2007). An appeal from a sentence imposed pursuant to a plea of guilt is not the same as an appeal from the guilty plea itself. Edge, 945 So.2d at 1007(¶ 12) (citing Burns v. State, 344 So.2d 1189, 1190 (Miss.1977)). McGee’s appeal involves his motion for reconsideration of his sentence, not his conviction; therefore, we find that the State’s argument is misplaced.
¶ 10. Motions to reconsider a sentence are reviewed under an abuse of discretion standard. Acker v. State, 797 So.2d 966, 969(¶ 10) (citing Wallace v. State, 607 So.2d 1184, 1191 (Miss.1992)). Sentencing is generally a matter left to the sound discretion of the trial court, and the court’s decision will not be disturbed on appeal if the sentence is within statutory limits. Wade v. State, 802 So.2d 1023, 1030(¶ 36) (Miss.2001) (citing Hoops v. State, 681 So.2d 521, 537 (Miss.1996)).
¶ 11. To determine this appeal, we must review the trial court’s reason for denying reconsideration of McGee’s sentence. Rather than decide the merits of McGee’s petitions, the trial court determined that it had no jurisdiction because McGee’s sentencing was during a previous term of court which had ended and McGee had begun serving his sentence. The trial court cited to Mississippi Code Annotated section 47-7-33 (Rev.2004) and Denton v. Maples, 394 So.2d 895 (Miss.1981) in denying the motions.
¶ 12. The trial court used a two-part analysis in finding that the court had no jurisdiction. First, the court said that section 47-7-33 provides that after a conviction or a plea of guilty (except in certain stated cases), a circuit court has the power to suspend a sentence, and place the defendant on probation, “except that the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.” Miss.Code Ann. § 47-7-33(1) (Rev.2004) (emphasis added). In Denton the court applied section 47-7-33 and held that if the defendant fails to take an appeal and begins to serve his sentence, the time has passed for the trial court to suspend a sentence under section 47-7-33. Denton, 394 So.2d at 898-99. Second, the trial court said that it lacked jurisdiction because the term of court in which McGee was sentenced, the March 2005 term of the Copiah County Circuit Court, had ended, and McGee had begun serving his sentence. Generally, a circuit court does not have jurisdiction to alter or vacate a judgment once the term of court ends. Presley v. State, 792 So.2d 950, 954(¶ 18) (Miss. *957 2001). However, a court may rule on a motion that was pending at the end of the court term. Miss.Code Ann. § 11-1-16(1) (Rev.2002).
¶ 13. We find no error in the trial court’s denial of McGee’s motion for lack of jurisdiction. The March 2005 term of the Copiah County Circuit Court began on the first Monday of March, March 7, 2005, and ran for five weeks until April 8, 2005.[1] McGee pleaded guilty on March 16, 2005, and was sentenced on April 4, 2005. On April 8, 2005, the term of court ended. It was not until nearly a year later, March 6, 2006, that McGee challenged his sentence when he filed his first motion for reconsideration of sentence. McGee does not qualify under the statutory exception, as his motion was not pending when the court term ended. Thus, we find that the trial court correctly dismissed McGee’s attempt to have the court reconsider his sentence.
¶ 14. McGee further argues that as a first-time offender he should be allowed to participate in a drug rehabilitation program under Mississippi Code Annotated section 41-29-150 (Rev.2005). We see no need to address this issue as the trial court’s sentencing order specifically provided that McGee was to “receive intense alcohol and drug treatment while incarcerated.”
¶ 15. Accordingly, we affirm the trial court’s denial of McGee’s motion to reconsider his sentence.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING DEFENDANT’S MOTION FOR RECONSIDERATION OF SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.

. State of Mississippi Judiciary Directory & Court Calendar (2005).