CHANDLER, J.,
for the Court:
¶ 1. Louis R. Reese filed a motion for post-conviction relief (PCR) challenging the revocation of his post-release supervision and suspended sentence by the Circuit Court of Monroe County. The circuit court dismissed the PCR motion, and Reese appeals. Reese contends that: (1) because he was a prior felon, the circuit court lacked the authority to impose a suspended sentence; therefore, the revocation was improper, and (2) there was insufficient evidence supporting the revocation.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Reese pleaded guilty to two counts of sale of a controlled substance, Oxyco-done, and to one count of conspiracy to distribute a controlled substance, Oxyco-done. At a sentencing hearing on November 19, 2001, for the first count, the circuit court sentenced Reese to thirty years, with eight years to serve, twenty-two years suspended, and five years on post-release supervision, and to pay fines, court costs, and restitution. For the second count, the circuit court imposed a fine and a ten-year suspended sentence to run consecutively to the thirty-year sentence. For conspiracy to distribute a controlled substance, the circuit court imposed a suspended sentence of twenty years to run concurrently with the thirty-year sentence, and the court ordered Reese to pay court costs. The circuit court retained a right to review Reese’s sentences for a period of one year.
¶ 4. On November 13, 2002, the circuit court exercised its jurisdiction to review Reese’s sentences. After a hearing, the circuit court increased the suspended portion of Reese’s thirty-year sentence from twenty-two years to twenty-six years, leaving him with only four years to serve. Otherwise, Reese’s sentences remained the same.
¶ 5. On September 13, 2005, shortly after Reese’s release from incarceration on post-release supervision, the State filed a petition requesting that the court revoke Reese’s twenty-six-year suspended sentence. The State alleged that the Monroe County Sheriffs Department had arrested Reese on a charge of selling stolen property; that when Reese was arrested, he was found to be in possession of a stolen four-wheeler; and that in a tape-recorded *627 statement to the authorities, Reese admitted to having sold a stolen trailer and a stolen mower. The State also alleged that Reese was in arrears in his monthly payments of the court-ordered fines, court costs, and restitution.
¶ 6. At the revocation hearing, the court read the State’s allegations aloud, and Reese admitted to the allegations. Reese stated he understood that his arrest on new charges and his failure to pay the court-ordered sums violated the terms and conditions of his post-release supervision and suspended sentences. The State agreed not to prosecute Reese on the new felony charges pending the outcome of the revocation hearing. The circuit court found that Reese had violated the terms of his post-release supervision and suspended sentence requiring him to live at liberty without violating any laws and to pay the court-ordered sums. Accordingly, the circuit court revoked Reese’s post-release supervision and suspended sentence, and the court imposed the twenty-six-year sentence. The circuit court ordered Reese to serve fifteen years and ordered nine years suspended and on post-release supervision, with five years reporting and four years non-reporting. Reese’s suspended sentences in his other two convictions remained intact.
¶ 7. Reese timely filed a PCR motion challenging the circuit court’s authority to terminate his post-release supervision and suspended sentence. Reese contended that because he was a prior felon, the circuit court had lacked the authority to give him a partially suspended thirty-year sentence for sale of a controlled substance. According to Reese, because his suspended sentence was illegal, the suspended sentence could not be revoked. Reese requested that the circuit court vacate the fifteen-year portion he was to serve of the twenty-six-year sentence, which the court imposed upon revocation. The circuit court dismissed Reese’s PCR motion.
STANDARD OF REVIEW
¶ 8. The circuit court may dismiss a PCR motion summarily and without an evidentiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Rev.2007). On appeal, this Court reviews the record de novo and will affirm the summary dismissal of a PCR motion if the petitioner has failed to demonstrate “a claim procedurally alive ‘substantially showing denial of a state or federal right,’-” Young v. State, 731 So.2d 1120, 1122(¶ 9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).
LAW AND ANALYSIS
DID THE CIRCUIT COURT ERR BY DISMISSING REESE’S PCR MOTION WITHOUT AN EVIDENTIARY HEARING?
¶ 9. Reese makes three arguments that the circuit court erred by summarily dismissing his PCR motion. Reese’s arguments are somewhat illogical, but because he proceeds pro se, we afford his arguments substantial latitude in an effort to ensure that a meritorious claim is not lost due to unartful drafting. Myers, 583 So.2d at 176. Reese’s first argument focuses upon the propriety of his sentence for sale of a controlled substance of thirty years, with twenty-six years suspended, and five years on post-release supervision. Reese argues that under Mississippi Code Annotated section 47-7-33 (Rev.2004), the circuit court lacked the authority to suspend any portion of his sentence, because when he pleaded guilty he was already a convicted felon. Thus, he contends that the partially suspended sentence was illegal. *628 Reese reasons that because the partially suspended sentence was illegal, it could not be revoked.
¶ 10. Contrary to Reese’s argument, he was not given an illegal suspended sentence. Section 47-7-33 provides that a circuit court or county court has the power “to suspend the imposition or execution of sentence, and place the defendant on probation” except when the defendant previously has been convicted of a felony. In Johnson v. State, 925 So.2d 86, 105(¶ 39) (Miss.2006), the supreme court clarified that:
Section 47-7-33 prohibits the imposition of a suspended sentence and supervised probation on a prior convicted felon; however, this statute does not prohibit the imposition of a suspended sentence, in whole or in part, upon a prior convicted felon, so long as the sentence does not involve a period of supervised probation....
According to Johnson, a prior convicted felon is not eligible to receive a suspended sentence along with a period of supervised probation. However, Reese’s sentence was not comprised of a suspended sentence and supervised probation. Instead, Reese was given a suspended sentence and a period of post-release supervision under Mississippi Code Annotated section 47-7-34 (Rev.2004). Post-release supervision is an alternative to probation that is available for prior convicted felons. Johnson, 925 So.2d at 105(¶ 39). Therefore, Reese’s argument that his suspended sentence was illegal is without merit. Moreover, even if Reese’s suspended sentence had been illegal, a defendant suffers no prejudice from a sentencing error that benefits the defendant in the form of a more lenient sentence. Sweat v. State, 912 So.2d 458, 461 (¶ 9) (Miss.2005).
¶ 11. The appropriate standard for revocation of post-release supervision is whether the circuit court believes that it was more likely than not that the defendant violated the terms and conditions of his post-release supervision. Jones v. State, 976 So.2d 407, 413(¶ 19) (Miss.Ct. App.2008). Reese’s second argument challenges the circuit court’s statement in its order dismissing his PCR motion that the beyond a reasonable doubt standard did not apply to the revocation of Reese’s post-release supervision and suspended sentence. This argument rests upon Reese’s assertion that his suspended sentence was illegal. Reese contends that because the suspended sentence was illegal and, according to Reese, could not have been revoked, the State had to prove him guilty of new charges beyond a reasonable doubt in order to secure his incarceration. Reese’s argument is without merit; we have already found that Reese’s suspended sentence was not illegal. We do not address this argument further.
¶ 12. Reese’s final issue is that there was no proof before the circuit court showing that he had violated the terms and conditions of his post-release supervision. However, Reese did not raise this argument in his PCR motion, but he raises it for the first time on appeal. Therefore, the argument is procedurally barred. Taylor v. State, 682 So.2d 359, 362 (Miss. 1996). Notwithstanding the procedural bar, the evidence was sufficient to enable the circuit court to find that Reese more likely than not violated the terms and conditions of his post-release supervision by failing to live at liberty without violating any laws and failing to pay court-ordered sums. Reese gave sworn testimony admitting to the alleged' violations contained in the State’s petition for revocation, including that he had sold stolen property, was in possession of stolen property when he was arrested, and had failed to pay the court costs, fees, and restitution as or *629 dered by the court. See Riely v. State, 562 So.2d 1206, 1211-12 (Miss.1990). We affirm the dismissal of Reese’s PCR motion.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.