BARNES, J.,
 

 for the Court:
 

 ¶ 1. After being stopped by the Indiano-la Police Department for suspicion of dealing illegal narcotics, Aundre Battle resisted arrest and appeared to swallow what police believed to be contraband. Other illegal narcotics were found on the scene, along with a firearm. Battle was taken into custody, and after a more thorough search, Battle again became combative and swallowed something hidden on his person. Battle requested medical attention and was taken to a local hospital, where he was examined and quickly released back into custody.
 

 ¶ 2. Battle filed a complaint with the Indianola Police Department, alleging simple assault against two of the arresting officers, Officer Tony Cooper and Officer Todd Hudson. After a hearing on the complaint, the Sunflower County Circuit Court judge found no probable cause existed to issue warrants for the arrest of the two officers for assault. Battle appeals, and the State, in response, has filed - a motion to dismiss the appeal. Finding that Battle’s appeal is not from an appeal-able order and was untimely filed, the State’s motion is granted, and the appeal is dismissed.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. On December 17, 2008, Battle was sitting in a black Cadillac outside of a residence at 111 Torino Drive in Indiano-la, Mississippi. Responding to a tip that Battle had been selling illegal narcotics, several officers from the Indianola Police Department arrived at the address and ordered Battle out of the vehicle. Battle complied, but the police noted that his hands were balled into fists, as if he were concealing something. Battle refused to obey orders to unclench his fists. Instead, Battle attempted to flee but was wrestled to the ground by several police officers. While Battle was on the ground, Officer Cooper observed him opening his hand, putting his hand to his mouth, and chewing something. Battle was ordered to spit the item out, but he told the officers that he had swallowed the item. Marijuana was found in Battle’s coat pocket, and crack cocaine and a firearm were found in the vehicle. Battle was taken into custody and transported to the police station. He was arrested for possession of a firearm by a felon, possession of cocaine, possession of marijuana, resisting arrest, open container, and for driving with a suspended driver’s license (first offense).
 

 ¶ 4. Once at the police station, Officer Cooper noted Battle was walking oddly, indicating to the officer that Battle might have more contraband hidden on his per
 
 *84
 
 son. A strip search was conducted, and Battle became aggressive. With his back turned, Battle again appeared to put something in his mouth. Battle continued to resist the officers, who were unable to retrieve the item. Officer Mary Nolden entered the room, asked Battle to stop resisting, and he complied. Battle then admitted that he had swallowed drugs and requested medical attention. He was transported to the hospital.
 

 ¶ 5. The hospital report showed that Battle had a “normal bowel gas pattern” but that he refused to confirm to the medical staff whether he had ingested any illegal substances. The report further stated that Battle had no fractures and appeared to have only some minor bruises and abrasions likely “from the altercation.” He was released into police custody with only some over-the-counter pain-relief medication given. Battle went back to the emergency room two days later complaining of eye redness and blurry vision. He was given more pain relievers and eye drops.
 

 ¶ 6. On December 22, 2008, Battle filed a complaint with the Indianola Police Department against Officers Cooper and Hudson, alleging that the officers had assaulted him for no reason and refused to provide him with prompt medical attention once in custody. On April 9, 2009, the circuit court conducted a hearing to determine if probable cause existed for the issuance of arrest warrants for the two officers for simple assault pursuant to Mississippi Code Annotated section 99 — 3—28(1) (a) (Rev.2007). Battle testified at the hearing that the officers “just pulled up and started snatching on me and stuff like that, choking on me and stuff.” He also claimed that no drugs were found in his car and that he did not swallow anything. He also stated that he was choked and assaulted again at the police station.
 

 ¶7. However, Officer Cooper testified to the above-stated facts — that Battle was suspected of dealing illegal narcotics, that he resisted arrest, and that he swallowed what was believed to be contraband. Officer Merrell Brand corroborated this testimony, and the hospital reports were admitted into evidence. Additionally, evidence was presented that Battle had a lengthy criminal history and had been cited ten times in recent years for resisting arrest. His previous criminal charges included possession of marijuana and cocaine, careless driving, contempt of court, and disorderly conduct.
 

 ¶ 8. The circuit court, after reviewing the evidence and hearing testimony, found that “no probable cause exist[ed] for the issuance of a warrant” against Officers Cooper and Hudson. The circuit court’s orders were filed on May 1, 2009. On March 20, 2010, Battle filed a notice of appeal. The State submitted a motion to dismiss for lack of jurisdiction. We grant the State’s motion and dismiss the appeal, as the appeal is not from an appealable order and untimely filed.
 

 ANALYSIS
 

 ¶ 9. On appeal, Battle contends that the police lacked probable cause to detain him and that the circuit court erred in finding that no probable cause existed to issue arrest warrants against Officers Cooper and Hudson. The State filed a “Motion to Dismiss Appeal,” claiming that the circuit court’s orders are not appealable, and Battle’s appeal was untimely filed.
 

 II10. We agree that Battle is attempting to appeal from an unappealable order. Battle is not a criminal defendant appealing his judgment of conviction.
 
 See McGee v. State,
 
 976 So.2d 954, 956 (¶ 8) (Miss.Ct.App.2008) (A
 
 criminal defendant
 
 may appeal from a trial court proceeding
 
 *85
 
 in two ways — by direct appeal from a conviction or under the Mississippi Uniform Post-Conviction Collateral Relief Act.) (emphasis added). Rather, Battle is appealing the circuit court’s ruling that no probable cause existed to issue arrest warrants against Officers Cooper and Hudson. This Court has consistently held that any “attempt to appeal an unappealable order is a total departure from the orderly administration of justice and cannot and should not be approved.”
 
 Id.
 
 (quoting
 
 Swift v. State,
 
 952 So.2d 1039, 1040 (¶ 4) (Miss.Ct.App.2007)). Therefore, Battle’s appeal is not properly before this Court.
 

 ¶ 11. In the event that the order was appealable, Battle failed to submit a timely appeal. Mississippi Rule of Appellate Procedure 4(a) states that a notice of appeal “shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from.” The circuit court’s orders were filed on May 1, 2009; however, Battle’s notice of appeal was not filed until March 30, 2010.
 

 ¶ 12. Accordingly, as this Court lacks jurisdiction to consider Battle’s appeal, we grant the State’s motion to dismiss.
 

 ¶ 13. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.