# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01179-COA

**EARNEST ANTONIO KEYS A/K/A EARNEST ANTONIO KEYS, JR. A/K/A ERNEST KEYS A/K/A EARNEST KEYS A/K/A EARNEST KEYS, JR. A/K/A EARNEST A. KEYS, JR. A/K/A EARNEST KEY A/K/A EARNEST A. KEYS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/13/2014 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EARNEST ANTONIO KEYS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 09/27/2016 |
| MOTION FOR REHEARING FILED: | 11/15/2016: DENIED; AFFIRMED: 09/19/2017 |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, J., FOR THE COURT:**

### MODIFIED OPINION ON MOTION FOR REHEARING

¶1. The motion for rehearing is denied. The previous opinion is withdrawn, and this opinion is substituted in its place.

¶2. Keys appeals from a Forrest County Circuit Court order denying his motion to amend and/or reconsider the revocation of post-release supervision. In substance, Keys sought to have his previously revoked term of post-release supervision reinstated, so that he would be

released from prison, or failing that, he sought to have his term of incarceration reduced. We find the circuit court correctly denied the motion and affirm.

## FACTS AND PROCEDURAL HISTORY

¶3. On July 20, 2007, Keys pled guilty to armed robbery. He was sentenced to serve ten years under the supervision of the Mississippi Department of Corrections (MDOC), with three years to serve and five years of post-release supervision. Additionally, he was ordered to pay restitution and court costs, and he was ordered to report to his probation officer. After serving three years, Keys began serving his term of post-release supervision.

¶4. On October 7, 2011, an arrest warrant was issued for Keys on a second charge of armed robbery in Forrest County. On November 16, 2011, the circuit court held a revocation hearing. Keys admitted he failed to pay the restitution and court costs. He also admitted he failed to report to his probation officer. Keys's post-release supervision was revoked, and he was ordered to serve the remainder of his sentence.

¶5. On September 6, 2012, the arrest warrant for the second charge of armed robbery was passed to the inactive files. On January 10, 2014, Keys filed the motion to amend and/or reconsider the revocation of post-release supervision, which led to this appeal. Keys requested the circuit court to "review the revocation order and reinstate Mr. Keys['s] Post-Release Supervision or revoke him for some number of years less than the full seven (7) years."

¶6. On October 13, 2014, the circuit court denied Keys's motion. The circuit court determined that (1) the only avenue available to Keys for seeking collateral review of his

2

sentence was Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA), Mississippi Code Annotated sections 99-39-1 to -29 (Rev. 2015), and (2) the court was without jurisdiction to reduce or alter Keys's sentence as he had begun serving the sentence subject to the custody and control of the MDOC.

## DISCUSSION

¶7. Mississippi's UPCCRA constitutes the "exclusive" means to obtain review of a final conviction. Miss. Code Ann. § 99-39-3(1) (Rev. 2015). Claims of improper revocation of conditional release fall under the Act. *Ivory v. State*, 999 So. 2d 420, 424-425 (¶10) (Miss. Ct. App. 2008). The circuit court was correct in finding that Keys's motion to amend and/or reconsider the revocation of post-release supervision was "simply in the nature of a motion for post-conviction collateral relief."

¶8. In reviewing a circuit court's denial of a petition for post-conviction relief, we will not disturb the court's findings of fact "unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. So. Mem'l Park Inc.,* 677 So. 2d 186, 191 (Miss. 1996)). "However, where questions of law are raised, the applicable standard of review is de novo." *Id*.

¶9. Keys's post-release supervision was conditioned upon his paying restitution and court costs, as well as reporting to his probation officer. Keys admitted he did not comply with those conditions. Failure to abide by conditions imposed in an order sentencing a defendant to a term of post-release supervision constitutes grounds for revocation. *Reese v. State*, 21 So. 3d 625, 628-29 (¶12) (Miss. Ct. App. 2008). Thus, Keys's failures to pay fines and costs

3

and to report to his probation officer were all valid grounds to revoke his post-release supervision.

¶10. Keys argues that because he was not convicted of the second charge of armed robbery, the circuit court should revisit his revocation and either reinstate his post-release supervision or reduce his revoked sentence. As noted, the circuit court revoked his sentence based on technical violations, not the charge for armed robbery. In any event, an actual conviction is not necessary for revocation of post-release supervision. Rather, the State must only show it is "more likely than not that the probationer committed the offense." *Brown v. State*, 864 So. 2d 1058, 1060 (¶9) (Miss. Ct. App. 2004). At Keys's revocation hearing, a Hattiesburg Police Department detective testified two masked men robbed a convenience store, and one of them brandished a machete. A store clerk identified Keys, saying she met Keys before the robbery and recognized his voice when one of the masked men spoke. She also identified a picture of him in a photographic lineup. Additionally, one of Keys's relatives told the detective that Keys admitted to the robbery. Had the circuit court relied on Keys's commission of a crime as a basis for revocation, the evidence would have been sufficient to do so.

¶11. Lastly, the circuit court was correct in finding it had no jurisdiction to alter the term of Keys's sentence while he was serving the sentence in the custody of the MDOC. A court imposing an original sentence upon a defendant "shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence." Miss. Code Ann. § 47-7-33(1) (Rev. 2015). Nevertheless, a defendant may appeal a sentence

4

illegally imposed upon a guilty plea. *Lett v. State*, 965 So. 2d 1066, 1070 (¶7) (Miss. 2007). However, Keys did not contend his sentence was illegal. Rather, he sought to have either his post-release supervision reinstated or the term of his sentence reduced. The circuit court lacked jurisdiction to grant that relief. *See McGee v. State*, 976 So. 2d 954, 956 (¶12) (Miss. Ct. App. 2008) ("[I]f the defendant fails to take an appeal and begins to serve his sentence, the time has passed for the trial court to suspend a sentence under section 47-7-33." (citing *Denton v. Maples*, 394 So. 2d 895, 898 (Miss. 1988))). In this case, once Keys began serving his reinstated sentence, the circuit court had no jurisdiction to alter it.

¶12. Therefore, we affirm the circuit court's denial of Keys's motion to amend and/or reconsider the revocation of post-release supervision.

¶13. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

5